**CONSOLIDATED ELECTRICAL**
**& MECHANICALS, INC.,**
**Appellant,**

v.

**Marilyn SCHUERMAN, Respondent.**

**No. ED 86492.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 7, 2006.

Lester J. Hubble, St. Louis, MO, for appellant.

Craig Lawton Kessler, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Consolidated Electrical & Mechanical, Inc. ("Consolidated") appeals from the trial court's judgment granting a motion to dismiss for lack of personal jurisdiction in favor of Marilyn Schuerman ("Schuerman"). Consolidated, a Missouri corporation, filed a petition against Schuerman, a California resident, alleging that Schuerman breached an oral contract to provide Consolidated with the right to purchase her St. Louis Cardinals playoff tickets for the 2004 baseball season. Schuerman filed a Motion to Dismiss contending that (1) Consolidated failed to allege sufficient facts showing that Schuerman transacted business within the state of Missouri and (2) failed to allege sufficient minimum contacts to satisfy due process requirements. The trial court granted Schuerman's motion to dismiss and this appeal follows. We affirm as amended herein.

When a defendant raises the issue of personal jurisdiction in a motion to dismiss, the plaintiff has the burden to show that the trial court's exercise of jurisdiction is proper. *Capitol Indemnity Corp. v. Citizens Nat. Bank,* 8 S.W.3d 893, 899 (Mo.App. W.D.2000). In the case before us, the trial court granted Schuerman's motion to dismiss based on the parties' affidavits and legal memoranda.

When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct the matter be heard wholly or partly on oral testimony or deposition. When affidavits are presented, the trial court may believe or disbelieve any statements made within those affidavits. It is in the sole discretion of the trial court to make such factual determinations.

*Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997); see also Rule 55.28.[1] We defer to the trial court's determination of credibility and resolution of conflicting facts, however the sufficiency of the evidence supporting the trial court's determination is a question of law which we review independently on appeal. *Stavrides v. Zerjav*, 848 S.W.2d 523, 527 (Mo.App. E.D.1993).

■ To subject a non-resident defendant to the long arm jurisdiction of Missouri, the plaintiff must plead and prove two elements: first, that the suit arose from any of the activities enumerated in Section 506.500 RSMo 2004,[2] the Missouri long arm statute; and second, that the defendant has sufficient minimum contacts with Missouri to satisfy due process requirements. *Capitol Indemnity Corp.*, 8 S.W.3d at 899. Section 506.500.1 reads, in pertinent part, as follows:

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submit ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state; ...

■ The due process clause of the Fourteenth Amendment further requires that a non-resident defendant have sufficient minimum contacts with the forum state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). To determine whether Schuerman had sufficient minimum contacts permitting a Missouri court to exercise personal jurisdiction over her, we consider the following five factors: 1) the nature and quality of the contacts; 2) the quantity of those contacts; 3) the relationship of the cause of action to those contacts; 4) the interest of Missouri in providing a forum for its residents; and 5) the convenience to the parties. "The first three factors are of primary importance and the last two are of secondary importance." *Mead v. Conn*, 845 S.W.2d 109, 112 (Mo.App.1993). The "minimum contacts" test "is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present." *Chromalloy American Corp.*, 955 S.W.2d at 4 (internal quotations omitted). "The defendant's contacts with the forum state must be

---

**1.** Consolidated insists that the standard of review dictates that all facts alleged in the petition should be deemed true and that Consolidated should be given the benefit of every reasonable inference. As discussed in *Lindley v. Midwest Pulmonary Consultants, P.C.*, 55 S.W.3d 906, 909 n. 3 (Mo.App. W.D.2001), this standard of review is proper when the trial court treats a motion to dismiss as summary judgment under Rule 55.27. However, the record here shows that the trial court did not treat this motion as such.

**2.** All further statutory references are to RSMo 2004.

purposeful and such that defendant should reasonably anticipate being haled into court in the forum state." *Id.*

■ Reviewing the specific circumstances of this case, we find Schuerman did not have sufficient minimum contacts with Missouri to satisfy due process requirements. The affidavits of both parties reveal that Schuerman purchases St. Louis Cardinals season tickets annually through the mail and over the years, she has sold these season tickets to various individuals, including Consolidated. Consolidated does not allege that Schuerman conducts any other business or maintains any other contacts within the state of Missouri. Schuerman averred that she has not visited Missouri since 1999. She further averred that she has not seen or spoken to anyone from Consolidated in more than seventeen years. On that basis, the quantity, nature and quality of Schuerman's contacts were insufficient to constitute a substantial connection with Missouri. To compel Schuerman to appear in court here based on these minimal contacts would offend the notion of fair play and substantial justice.

Our holding is supported by numerous Missouri cases, where the nature and number of contacts were far greater than in the present case, and yet insufficient to meet due process requirements. In *Mead v. Conn,* 845 S.W.2d 109, 111–12 (Mo.App. W.D.1993), a Kansas doctor transmitted EKG's to Missouri for analysis more than fifty times over a period of several years. The court found that these contacts were not sufficient in nature or quality to subject the doctor to personal jurisdiction in Missouri. In *Farris v. Boyke,* 936 S.W.2d 197, 201 (Mo.App. S.D.1996), the court held that although respondents were physically present in Missouri on four occasions and made several dozen telephone calls, facsimilies and letters to Missouri, this did not provide "those affiliating connections with the forum state such that they should reasonably anticipate being hauled into court in Missouri." In *Johnson Heater Corp. v. Deppe,* 86 S.W.3d 114 (Mo.App. 2002), a Wisconsin resident made several phone calls to Missouri to inquire about purchasing a HVAC system from a Missouri corporation. He also sent faxes and mailings to the Missouri corporation and mailed a check to Missouri to pay for the HVAC system. This Court held these contacts were not enough to create a substantial connection with Missouri to satisfy due process requirements. *See also Bell Paper Box, Inc. v. Trans Western Polymers, Inc.,* 53 F.3d 920, 923 (8th Cir.1995) (interstate facilities, such as telephones and mail, are secondary or ancillary factors which "cannot alone provide the minimum contacts required by due process") (internal quotations and citations omitted).

■ While we affirm the trial court's dismissal for lack of personal jurisdiction, we amend the trial court's judgment to be without prejudice, since it was not an adjudication on the merits of Consolidated's underlying cause of action. "If the Rule were otherwise, a plaintiff would lose his cause of action, be deprived of his day in court and of any consideration of the merits of his claim merely by the reason of the selection of the improper forum." *Hagen v. Rapid American Corp.,* 791 S.W.2d 452, 455 (Mo.App. E.D.1990).

The judgment is affirmed as amended.

AFFIRMED AS AMENDED.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J. concur.