Sam ALDEIN, d/b/a S & R
Auto Sales, Appellant,

v.

Sameer ASFOOR and Mid–Continental
Quality Autos, Inc., Respondents.

No. ED 88385.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 6, 2007.

Aaron M. Staebell, St. Peters, MO, for appellant.

John R. Hamill III, St. Charles, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Sam Aldein d/b/a S & R Auto Sales ("Plaintiff") appeals the dismissal of his petition filed in the Circuit Court of St. Charles County for lack of personal jurisdiction. Plaintiff contends that Mid–Continental Quality Autos, Inc. ("Mid–Continental") and Sameer Asfoor (jointly, "Defendants") had sufficient contacts with Missouri to satisfy due process requirements and the Missouri long-arm statute. We reverse and remand.

### Factual and Procedural Background

Plaintiff filed a Petition for Breach of Contract on December 13, 2005. In Plaintiff's petition, he alleged: Plaintiff operates S & R Auto Sales in Eastern Missouri. Mid–Continental is a Florida corporation, which buys automobiles throughout the United States for resale overseas. Mr. Asfoor is the president and vice-president of Mid–Continental. Plaintiff entered into an oral contract with Defendants by which Plaintiff would act as an agent for Defendants to purchase automobiles in Missouri. Plaintiff searched for used automobiles at automobile dealers and wholesalers based on Mr. Asfoor's specifications and instructions. Plaintiff contacted Mr. Asfoor for approval before purchasing each automobile. Plaintiff purchased the automobiles as Mid–Continental's agent and in Mid–Continental's name. Defendants agreed to pay Plaintiff $150.00 per automobile that Plaintiff purchased under this agreement. Plaintiff ultimately purchased "hundreds" of automobiles for Defendants. However, Defendants breached the contract by wrongly withholding portions of the $150.00 per automobile fee. Plaintiff suffered damages of $15,325.00.

Defendant filed a Motion to Dismiss for lack of personal jurisdiction. Defendant alleged: Mid–Continental is a Florida cor-

poration with its principal place of business in Florida. It is not authorized to do business in Missouri and does not have a registered agent in Missouri. Mr. Asfoor resides in Florida. Neither Mr. Asfoor nor Mid–Continental has been to Missouri. The oral contract for the purchase of automobiles was formed in Florida.

Mr. Asfoor filed an affidavit in conjunction with his Motion to Dismiss stating that the Defendants have never been to Missouri for the purpose of conducting business; the business relationship between Plaintiff and Defendants was consummated in Florida; all automobiles purchased by Plaintiff for Defendant were shipped to Florida and invoices were mailed to Florida for payment; Defendants have no business location, employees or bank accounts in Missouri; and Defendants did not agree to be subject to Missouri courts.

Plaintiff responded to Defendants' motion, arguing that Defendants' authorization of Plaintiff to negotiate and purchase automobiles on their behalf in Missouri constituted transacting business in Missouri, subjecting Defendants to Missouri's long-arm statute. Plaintiff also claimed that Defendants made the contract in Missouri. In addition, Plaintiff argued that Defendants had sufficient minimum contacts with Missouri in that the automobiles were purchased in Missouri, that Defendants mailed checks to wholesalers in Missouri for automobile purchases, and the contract was formed in Missouri. Plaintiff filed an affidavit attesting to essentially the same facts set out in the response.

On June 7, 2006, the trial court granted Defendants' Motion to Dismiss, stating "After full consideration of the parties' pleadings, briefs and oral arguments, this Court sustains Defendants' Motion to Dismiss for Lack of Personal Jurisdiction."

### Standard of Review

When a defendant raises the issue of personal jurisdiction in a motion to dismiss, it is the Plaintiff's burden to show that the trial court's exercise of jurisdiction is proper. *Consolidated Elec. & Mechanicals, Inc. v. Schuerman*, 185 S.W.3d 773, 775 (Mo.App. E.D.2006). We defer to the trial court's determination of credibility and resolution of conflicting facts, however the sufficiency of the evidence supporting the trial court's determination is a question of law which we review independently on appeal. *Id.* at 776.

The trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction. *Lindley v. Midwest Pulmonary Consultants, P.C.*, 55 S.W.3d 906, 909 (Mo. App. W.D.2001). A plaintiff need not prove the elements forming the basis of the defendant's liability, but must show that the acts contemplated by the long-arm statute took place. *Id* at 910. If the trial court does not state any specific grounds on which it based the dismissal, we must presume the dismissal was based upon one of the grounds presented by the defendant, and we will affirm the dismissal if any ground can sustain the court's action. *Id.* at 911.

### Discussion

To subject a non-resident defendant to the Missouri long-arm statute, the plaintiff must plead and prove: that the suit arose from any activity enumerated in the long-arm statute, Section 506.500 [1]; and that the defendant has sufficient minimum contacts with Missouri to satisfy due

---

**1.** All statutory references are to RSMo.2000 unless otherwise noted.

process requirements. *Schuerman*, 185 S.W.3d at 776. Section 506.500 states:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting;

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

■ To determine whether the defendant had sufficient minimum contacts with Missouri, we consider five factors: (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relationship of the cause of action to those contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience to the parties. *Schuerman*, 185 S.W.3d at 776. The first three factors are of primary importance and the last two are of secondary importance. *Id.*

■ The defendant's minimum contacts must be such that maintenance of the action does not offend traditional notions of fair play and substantial justice. *Laser Vision Centers, Inc. v. Laser Vision Centers International, SpA*, 930 S.W.2d 29, 32 (Mo.App. E.D.1996). The application of the rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Capitol Indem. Corp. v. Citizens Nat'l Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 901–02 (Mo.App. W.D.2000). The "purposeful availment" requirement exists to prevent a defendant from being hailed into a particular jurisdiction solely as a result of random, fortuitous or attenuated contacts, or by the unilateral activity of another party or third person. *Id.* at 902. The court must focus on the relationship among the defendant, the forum and the litigation. *Id.*

■ In this case, Plaintiff alleged in the petition that Plaintiff purchased "hundreds" of automobiles in Missouri as Mid–Continental's agent and in Mid–Continental's name. Defendants do not deny this allegation. Thus, it is undisputed that Mid–Continental purchased "hundreds" of automobiles in Missouri through Plaintiff. The "transacts any business" prong of the statute must be construed broadly so that even a single transaction may confer jurisdiction under the rule if that is the transaction sued upon. *Laser Vision*, 930 S.W.2d at 32. Here, there were "hundreds" of transactions, some of which are the transactions on which Plaintiff is suing.

Moreover, Defendants purposely availed themselves of the privilege of conducting activities within Missouri. Defendants contracted with Plaintiff to purchase automobiles in Missouri so that Defendants could resell the automobiles for a profit. Plaintiff called Defendants to get approval for each automobile purchased. If the automobile was approved by Mr. Asfoor,

Mid–Continental purchased the automobiles through Plaintiff. Defendants mailed checks to wholesalers for the automobiles purchased. Then, Plaintiff shipped the automobiles from Missouri to Florida for resale. These contacts were purposeful and cannot be considered random, fortuitous or attenuated.

Nor, as Defendants suggest, were Defendants subjected to contact with Missouri solely by the unilateral activity of Plaintiff. Defendants argue that they should not be subjected to jurisdiction merely "by virtue of the fact that they did business with [Plaintiff] whom they knew lived and worked in Missouri ..." However, in this argument Defendant mischaracterizes its own actions. Defendant contracted with Plaintiff to purchase automobiles *in Defendants' name* in the state of Missouri. Plaintiff not only "lived and worked" in Missouri, but also worked for Defendants in Missouri. Plaintiff conducted business with third parties on Defendants' behalf and for the direct benefit of Defendants. Defendants invoked the benefits and protection of Missouri's laws each time Plaintiff purchased an automobile in Mid–Continental's name and shipped it to Defendants. See *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

█ Defendants' assertion that they should not be subject to Missouri jurisdiction because they are not authorized to do business in Missouri is without merit. A corporation need not be qualified to do business as a foreign corporation as a prerequisite to long-arm jurisdiction. *State ex rel Nixon v. Beer Nuts, Ltd.,* 29 S.W.3d 828, 834 (Mo.App. E.D.2000). Defendants also argue "[t]he use of mail and the exchange of telephone calls do not constitute the transaction business [sic] within the state of Missouri," citing, *inter alia, Schoenlaub,* 540 S.W.2d at 35. Here, Plaintiff has alleged much more than the use of mail and telephone calls. Plaintiff alleged that Defendants purchased automobiles in Missouri through Plaintiff, acting as Defendants' agent, and Defendants failed to honor a contract related to the purchase of those automobiles. The fact that Defendants communicated with Plaintiff by telephone and mail does not preclude a finding of personal jurisdiction.

█ Examining the five minimum contacts factors, we find that Defendants had more than sufficient contacts with Missouri to be subjected to personal jurisdiction here. Most significantly, Defendants contracted with Plaintiff, a Missouri resident, for the specific purpose of purchasing automobiles in Missouri. As a result of that contract, Mid–Continental purchased automobiles in Missouri. Thus, the nature and quality of the contacts was significant. Moreover, this case did not arise from a single transaction. These contacts occurred as Defendants purchased "hundreds" of automobiles in Missouri. Also, the cause of action arose out of the contacts forming the basis for jurisdiction. Plaintiff alleged that Defendants did not pay the agreed upon commission for the automobiles he purchased in Missouri and shipped to Defendants. Missouri also has an interest in providing a forum for Plaintiff, a Missouri resident. The fact that the forum may be inconvenient for Mr. Asfoor is outweighed by the other four factors.

Defendants cite *Scullin Steel Co. v. Nat'l Railway Utilization Corp.,* 676 F.2d 309 (8th Cir.1982) to support their contention that purchasing items from a seller in one state to ship to another state is insufficient contact to subject the seller to jurisdiction. In *Scullin,* a purchaser in Philadelphia bought railroad car sets from a Missouri corporation, to be sent from Missouri to Pennsylvania. *Id.* at 310. The court held that the out-of-state purchaser had insufficient contacts with Missouri and

thus Missouri did not have personal jurisdiction. *Id.* at 314. *Scullin* is factually distinct from the case at hand. Here, Defendants were not merely buyers purchasing stock items to be shipped. Defendants contracted with Plaintiff to have Plaintiff search for and purchase automobiles on Defendant's behalf to have shipped to Florida. The automobiles had to be within Defendants' specifications. Plaintiff had to get pre-approval from Defendants before he purchased the automobiles. Defendants agreed to pay Plaintiff a commission for his time and effort spent procuring the automobiles. Defendants had more significant contacts with Missouri than the defendant in *Scullin,* and thus, *Scullin* is distinguishable from this case.

Because Defendants transacted business in Missouri and had sufficient contacts with Missouri to satisfy the due process requirements, the trial court erred in determining that it did not have jurisdiction over Defendants. The decision of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, P.J., and MARY K. HOFF, J., concur.