William **CHILDERS** and Robin Childers, Appellants,

v.

Gary **SCHWARTZ**, Respondent.

No. WD 68870.

Missouri Court of Appeals, Western District.

Sept. 16, 2008.

Allen T. Zugelter, Kansas City, for appellants.

Mark A. Olthoff, Anthony W. Bonuchi, Kansas City, for respondent.

Before JAMES M. SMART, JR., P.J., LISA WHITE HARDWICK, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

William and Robin Childers appeal from the circuit court's judgment granting a motion to dismiss for lack of personal jurisdiction in favor of Gary Schwartz, a California resident. The Childerses contend that the circuit court erred in granting the motion to dismiss because Schwartz committed tortious acts in Missouri, transacted business in Missouri, and had sufficient minimum contacts with Missouri to satisfy due process. We disagree and affirm the circuit court's judgment.

The dispute in this case arose out of a personal service agreement between Schwartz, a California resident, and the Childerses, Missouri residents. The Childerses contacted Schwartz wanting him to help find potential buyers for some property they owned in Missouri. Initially, the Childerses orally agreed to pay Schwartz five percent of the purchase price should any of Schwartz's referrals purchase the property. Later, Schwartz drafted a "Referral Fee Agreement," memorializing the parties' oral agreement, in which Schwartz agreed to act as a referring agent and provide qualified buyers to purchase the Childerses' property, and, in return, the Childerses agreed to pay Schwartz five percent of the purchase price. The Childerses signed this agreement, and then Schwartz signed the agreement in California.

When the Childerses' attorney informed the Childerses that the referral agreement was not legal in Missouri, the Childerses filed an amended petition seeking a declaratory judgment and seeking to recover damages for negligent misrepresentation, unjust enrichment, and tortious interference with contract against Schwartz. In particular, the Childerses alleged that Schwartz wrongfully acted as a real estate professional in regard to sales of their real estate in Missouri and that Schwartz is not entitled to receive referral fees for those sales of real estate in Missouri. In response to the Childerses' amended petition, Schwartz filed a motion to dismiss the amended petition for lack of personal jurisdiction. Schwartz supported his motion with his own affidavit.

In his affidavit, Schwartz said that he was a California resident and a licensed California real estate agent. He acknowledged that he entered into a "Referral Fee Agreement" with William Childers but said that he negotiated and executed the agreement in California and that all of his actions under the agreement occurred in California. He said that, when he executed the agreement, he expected that the agreement would be governed by California law and that William Childers never advised or indicated to him that he expected Missouri law to apply. Schwartz said that William Childers previously paid him

pursuant to the terms of the agreement, but that William Childers now refuses to pay him the fee in regard to four real estate contracts. Schwartz said that he has never had a physical presence in Missouri and that he never went to Missouri to identify or to refer potential buyers to the Childerses. He said that all of the buyers he referred to the Childerses were California residents. Schwartz said that, when he spoke with William Childers, he was at all times within the State of California. He also said that he: (1) has never owned property in Missouri, (2) has never engaged in or transacted business in Missouri, (3) has no office, agents, employees, or representatives located in Missouri, (4) has not owned, leased, or used real estate in Missouri, (5) did not solicit any potential business in Missouri, (6) has not had a telephone listing or address in Missouri, (7) has not had any bank accounts in Missouri, (8) has not paid any property or income taxes to Missouri or any city or county in Missouri, and (9) does not have a agent for service of process in Missouri or any agent for the transaction of business in Missouri.

■ The Childerses filed suggestions in opposition to Schwartz's motion to dismiss and their own affidavit. The circuit court granted Schwartz's motion to dismiss for lack of personal jurisdiction. The Childerses appeal. The Childerses contend that the circuit court erred in granting the

motion to dismiss because Schwartz engaged in one of the acts listed in Missouri's long arm statute, section 506.500, RSMo 2000, and had sufficient minimum contacts with Missouri to satisfy due process requirements.

■ " 'When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct the matter be heard wholly or partly on oral testimony or deposition.' " *Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 4 (Mo. banc 1997) (citation omitted); *see also* Rule 55.28.[1] In this case, the court's decision was based on the parties' pleadings and their accompanying affidavits. "Where affidavits are offered in support of a motion to dismiss for lack of jurisdiction, the [circuit] court may believe or disbelieve the statements contained in the affidavits." *Stavrides v. Zerjav,* 848 S.W.2d 523, 527 (Mo.App.1993). Moreover, we must affirm the circuit court's ruling regarding jurisdiction " 'if the affidavits submitted by the defendants in support of their motions to dismiss show they did not commit any act sufficient to invoke the jurisdictional provisions of the Missouri [l]ong [a]rm [s]tatute.' " *Chromalloy Am. Corp.,* 955 S.W.2d at 4 (citation omitted). The sufficiency of the evidence supporting the circuit court's determination, however, is a question of law, which

1. The Childerses assert that the standard of review requires that all facts alleged in their petition should be deemed true and that they should be given the benefit of all reasonable inferences. As discussed in *Lindley v. Midwest Pulmonary Consultants, P.C.,* 55 S.W.3d 906, 909–10 n. 3 (Mo.App.2001), this standard of review is proper when the trial court treats a motion to dismiss as summary judgment under Rule 55.27. The record in this case indicates that the circuit court did not treat the motion to dismiss as a summary judgment motion. In the context of personal jurisdic-

tion, when a court considers matters outside the record set forth in affidavits without converting the motion into one of summary judgment, the court is acting under Rule 55.28 and not Rule 55.27. Reviewing a motion to dismiss under Rule 55.28 "does not convert [it] into a motion for summary judgment as 'the trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction.' " *Id.* at 909–10 (citation omitted).

we review independently on appeal. *Stavrides*, 848 S.W.2d at 527.

 "When the defendant raises the issue of personal jurisdiction in a motion to dismiss, the plaintiff has the burden to show that the circuit court's exercise of jurisdiction is proper." *Capitol Indem. Corp. v. Citizens Nat'l Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 899 (Mo.App.2000). To subject a non-resident defendant to the long arm jurisdiction of Missouri, the plaintiff must show that the defendant engaged in one of the acts listed in Missouri's long arm statute, section 506.500, and that the defendant had sufficient minimum contacts with Missouri to satisfy due process requirements. *Id.* Section 506.500.1 provides in pertinent part:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, . . .

> to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

> (1) The transaction of any business within this state;

> . . . .

> (3) The commission of a tortious act within this state[.]

 But, even if Schwartz's activity constituted the transacting of business in this state or the commission of a tortious act within this state, his contacts with Missouri overall are insufficient under the due process clause. The due process clause of the Fourteenth Amendment limits the power of a court to exercise personal jurisdiction over a nonresident defendant in that a non-resident defendant must have sufficient minimum contacts with the forum state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In determining whether or not Schwartz had sufficient minimum contacts to allow a Missouri court to exercise personal jurisdiction over him, we consider five factors: "1) the nature and quality of the contacts; 2) the quantity of those contacts; 3) the relationship of the cause of action to those contacts; 4) the interest of Missouri in providing a forum for its residents; and 5) the convenience to the parties." *Consol. Elec. & Mechs., Inc. v. Schuerman*, 185 S.W.3d 773, 776 (Mo.App.2006). "The first three factors are of primary importance[,] and the last two are of secondary importance." *Mead v. Conn*, 845 S.W.2d 109, 112 (Mo.App.1993).

 The minimum contacts test "is not susceptible of mechanical application; rather, 'the facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present.'" *Chromalloy Am. Corp.*, 955 S.W.2d at 4 (citation omitted). "[T]o establish minimum contacts within the forum state, a plaintiff must show that the defendant has taken some act by which it purposefully avails itself of the privilege of conducting business within the forum state." *Wilson Tool & Die, Inc. v. TBDN–Tenn. Co.*, 237 S.W.3d 611, 616 (Mo.App.2007) (*citing Burger King Corp.*, 471 U.S. at 475–76, 105 S.Ct. 2174). "A defendant's contacts with the forum state must be purposeful and such that defendant should reasonably anticipate being haled into court in the forum state." *Chromalloy Am. Corp.*, 955 S.W.2d at 5. "The 'purposeful availment' requirement exists to prevent a defendant from being hailed [sic] into a particular jurisdiction solely as a result of random, fortuitous or attenuated contacts, or by the unilateral activity of another party or third person." *Aldein v. Asfoor*, 213 S.W.3d

213, 216 (Mo.App.2007). In determining whether a non-resident defendant has sufficient minimum contacts, "[t]he court must focus on the relationship among the defendant, the forum and the litigation." *Id.*

In regard to minimum contacts, jurisdiction over Schwartz cannot be based on the mere fact that Schwartz entered into a contract with a Missouri resident. *Angoff v. Marion A. Allen, Inc.*, 39 S.W.3d 483, 487 (Mo. banc 2001) (*citing Burger King,* 471 U.S. at 479, 105 S.Ct. 2174). We must consider "the business conducted by the parties, including prior negotiations and contemplated future consequences of the contract." *Angoff,* 39 S.W.3d at 487. Indeed, the United States Supreme Court recognized:

> [T]he need for a "highly realistic" approach that recognizes that a "contract" is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts with the forum.

*Burger King,* 471 U.S. at 479, 105 S.Ct. 2174 (citation omitted).

In this case, the parties agree that the Childerses sought out Schwartz and solicited his help in finding potential buyers for their Missouri real estate. The Childerses orally agreed to pay Schwartz a five percent referral fee if he directed prospective purchasers to the Childerses. Under this oral agreement, Schwartz directed two California residents to the Childerses, and those California residents eventually purchased property from the Childerses. In these transactions, Schwartz called and emailed the Childerses multiple times in regard to the sales. The Childerses paid Schwartz the five percent referral fee from the Missouri escrow after the sales closed. At no point, however, did Schwartz enter the State of Missouri.

After these transactions, Schwartz drafted a referral fee agreement between the parties, which the Childerses' signed and sent back to Schwartz. Schwartz then signed the contract in California. After the signed agreement, Schwartz referred more California residents to the Childerses, and those referrals resulted in four additional sales of property for the Childerses. Again, in these transactions, Schwartz called and emailed the Childerses multiple times in regard to the sales, and the Childerses were to pay Schwartz the five percent referral fee from the Missouri escrow after the sales closed.[2] Again, at no point did Schwartz enter the State of Missouri.

The pleadings and the supporting affidavits clearly established that Schwartz had insufficient minimum contacts with the State of Missouri. First, even though Schwartz drafted the written referral fee agreement, the parties agree that it was the Childerses who sought out and solicited Schwartz's help in selling their Missouri real estate. The written agreement merely memorialized the parties' oral agreement. The Childerses unilateral conduct cannot be used to satisfy the "purposeful availment" test. *Aldein,* 213 S.W.3d at 216.

Second, the nature, quality, and quantity of the contacts and the relationship of the cause of action to those contacts do not

---

**2.** The referral fees from these four real estate transactions are being held by Kansas City Title, a Missouri escrow agent, pending resolution of the parties' dispute.

satisfy the minimum contacts test. All of Schwartz's conduct under the oral and written referral fee agreement took place in California. He contacted prospective buyers in California, all of whom were California residents, and referred them to the Childerses. Schwartz's performance under the agreement was satisfied when he referred a qualified buyer to the Childerses. All elements of Schwartz's performance under the contract occurred outside of Missouri and, as such, show that Schwartz did not have sufficient contacts with Missouri to satisfy due process. *Iowa Elec. Light & Power Co. v. Atlas Corp.*, 603 F.2d 1301, 1303–04 (8th Cir. 1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980). Moreover, although Schwartz used the telephone, email, and mail to communicate with the Childerses and the escrow company, that alone cannot establish the minimum contacts necessary to satisfy due process. *Consol. Elec.*, 185 S.W.3d at 777. Nor can the fact that the Childerses paid Schwartz from Missouri escrow accounts establish the necessary minimum contacts. *See Iowa Elec.*, 603 F.2d at 1303.

Third, as to the remaining two factors used in determining whether or not Schwartz had sufficient minimum contacts to allow a Missouri court to exercise personal jurisdiction over him, i.e. the interest of Missouri in providing a forum for its residents and the convenience to the parties, these factors are of secondary importance only. *Mead*, 845 S.W.2d at 112. While Missouri may have an interest in providing a forum to its residents and while it may be more convenient for the Childerses to try their action in Missouri, those factors alone do not require the exercise of jurisdiction. Schwartz's lack of contacts with Missouri and the fact that he performed all of his obligations under the contract in California establishes that due process would be violated if he were subjected to personal jurisdiction in Missouri.

To the extent that the Childerses contend that Schwartz's hiring of a Missouri attorney before any litigation in this case began somehow establishes that Schwartz had sufficient contacts with Missouri in regard to its dealing with the Childerses, we are not persuaded. The Childerses offer no caselaw in support of their contention. Moreover, a forum may assert jurisdiction over a non-resident defendant when "the defendant has 'purposely directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities[.]" *Burger King*, 471 U.S. at 472, 105 S.Ct. 2174 (citations omitted). The Childerses' cause of action arises out of their contract and agreement with Schwartz and not from Schwartz's hiring of a Missouri attorney, even if Schwartz hired the attorney to collect the outstanding fee from the Childerses. *See Isenberg v. Yanni's Remodeling*, No. 07–3646, 2007 WL 3252542 (E.D.Pa. 2007) , Memorandum and Order at *4.

The circuit court did not err when it concluded that Schwartz did not have sufficient minimum contacts with Missouri to satisfy due process requirements. Schwartz did not take any act by which he purposely availed himself of the privilege of conducting business in Missouri. We, therefore, affirm the circuit court's judgment.

All concur.