STATE ex rel. David J. DYKHOUSE, as Rehabilitator for Confederation Life Insurance Company (U.S.) in Rehabilitation, Relator,

v.

Honorable Jimmie M. EDWARDS, Judge, Circuit Court, St. Louis City, Respondent.

No. 77646.

Supreme Court of Missouri, En Banc.

Oct. 24, 1995.

Rehearing Denied Nov. 21, 1995.

Eric M. Trelz, St. Louis, for Relator.

Joan M. Tanner, Robert F. Ritter, John G. Simon, St. Louis, for Respondent.

COVINGTON, Judge.

Relator at all times relevant served as the Commissioner of Insurance for the State of Michigan and was appointed rehabilitator of

Confederation Life Insurance Company (U.S.) ("Confederation") pursuant to Mich. Comp.Laws Ann. § 500.8113 (West 1993). Relator, in his capacity as rehabilitator, was required to take immediate possession of the assets of the insurer and to administer them under court supervision. Mich.Comp.Laws Ann. § 500.8113(1) (West 1993). Relator, as rehabilitator, sought and received a Michigan circuit court's order prohibiting all further litigation involving Confederation. Citing the Michigan order, relator filed motions to dismiss or, in the alternative, to stay five actions pending against Confederation in the Circuit Court of the City of St. Louis. Respondent denied relator's motions, distinguishing rehabilitation from liquidation under the Missouri Insurers Supervision, Rehabilitation and Liquidation Act ("MISRLA" or "the act"). §§ 375.1150–.1246, RSMo 1994. Respondent stated that "motions to dismiss or to stay are appropriate only where there has been an order directing the liquidation of the movant due to insolvency." Relator instituted this original proceeding in prohibition alleging that respondent acted in excess of his jurisdiction in refusing to stay proceedings. This Court issued a preliminary writ of prohibition. Preliminary writ ordered quashed.

The federal bankruptcy code specifically excludes from its scope insurance companies, both foreign and domestic, that do business in the United States. 11 U.S.C. § 109(b)(2)–(3) (1994). In Missouri, laws governing insurer insolvency first appeared in 1879. §§ 6035 to 6055, RSMo 1879. The legislature ventured anew into the area in 1976 with the adoption of the Uniform Insurers Liquidation Act ("UILA"). Laws of Mo. 1976, p. 734 (codified as amended at §§ 375.950—.990, RSMo 1994). In 1991, the General Assembly again updated the law by passing the MISRLA, which was patterned after the National Association of Insurers' Insurers Rehabilitation and Liquidation Model Act. §§ 375.1150–.1246. The act simplifies and regulates the resolution of insurer rehabilitations and liquidations, which often affect policyholders and creditors located in several states. The act permits the state director of the department of insurance to place an insurer under administrative super-

vision where the director deems it appropriate. § 375.1160.2, RSMo 1994. The provisions of the act apply prospectively from April 28, 1991. § 375.1158.1, RSMo 1994.

Relator alleges respondent's order refusing to honor the Michigan injunction prohibiting all litigation against the rehabilitator or Confederation is contrary to the purpose and the policy of the MISRLA. Relator further alleges that respondent misperceived the provisions of the MISRLA and that the Michigan injunction should be enforced as a matter of comity.

■ Relator initially asserts that respondent, in refusing to stay the proceedings, is acting in excess of his jurisdiction. Relator is incorrect. Respondent clearly has jurisdiction to hear the case. A writ of prohibition may lie, however, when there is no adequate remedy by appeal. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 577 (Mo. banc 1994). ("Prohibition will lie when there is an important question of law decided erroneously that would otherwise escape review by this Court, and the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision."). The statute at issue in the present case has not previously been construed by this or any other Missouri court. At least one of the allegations in relator's petition for a writ of prohibition brings his claim within the *Chassaing* criterion. If otherwise appropriate, prohibition would lie.

■ Disposition of this case turns on section 375.1170.1, RSMo 1994, which provides:

Any court in this state before which any action or proceeding in which the insurer is a party, or is obligated to defend a party, is pending when a rehabilitation order against the insurer is entered shall stay the action or proceeding for ninety days and such additional time as is necessary for the rehabilitator to obtain proper representation and prepare for further proceedings. The rehabilitator shall take such action respecting the pending litigation as he deems necessary in the interests of justice and for the protection of creditors, policyholders, and the public. The rehabilitator shall immediately consider all

litigation pending outside this state and shall petition the courts having jurisdiction over that litigation for stays whenever necessary to protect the estate of the insurer.

The parties do not dispute the fact that *Confederation* is involved in a rehabilitation proceeding. Relator contends that, pursuant to section 375.1170.1, Confederation is entitled to a stay of litigation for a minimum of ninety days "and such additional time as is necessary for the rehabilitator to obtain proper representation and prepare for further proceedings." Relator complains that respondent's order finding that motions to dismiss or stay are inappropriate in rehabilitation proceedings disregards the plain language of section 375.1170.1.

Relator is only partially correct in his allegation; the act does provide for stay orders in rehabilitation. The first sentence of section 375.1170.1, however, specifically and plainly provides only for a minimum stay of ninety days and such additional time as is necessary to obtain representation and prepare for further proceedings. Relator disregards the fact that he did not request a stay pursuant to the first sentence of section 375.1170.1. Relator was represented, so he did not need time to obtain representation. He also failed to request time to "prepare for further proceedings" in the context of which respondent might exercise his discretion upon facts properly presented. Rather, relator sought to have the trial court honor in whole the stay order of the Michigan court, an order that purported to enjoin all persons and entities from prosecuting or maintaining any action whatsoever against the rehabilitator or Confederation. Relator's request is well beyond the provisions of section 375.1170.1. In view of the breadth of relator's request, therefore, although respondent's language was overly broad, denial of relator's motion was not erroneous nor did it constitute an abuse of discretion.

■ Relator next contends the MISRLA mandates that a Missouri court honor the stay order of reciprocal[1] states. Relator purports to rely on section 375.1155, RSMo 1994, which provides:

1. Any receiver appointed in a proceeding under [the MISRLA] may at any time apply for, and any court of general jurisdiction may grant, such restraining orders, preliminary and permanent injunctions, and other orders as may be deemed necessary and proper to prevent:

. . . .

(6) The institution or further prosecution of any actions or proceedings;

. . . .

2. The receiver may apply to any court outside the state for the relief described in subsection 1 of this section.

Relator asserts that reciprocity is an integral part of the act and contends the provisions contained in section 375.1155 would have no meaning if the act did not contemplate an obligation of Missouri courts to honor the stay orders of other states.

Relator's reliance on section 375.1155 is misplaced. The provision creates in the Missouri receiver discretionary authority to seek injunctive relief against specific actions by others "as may be deemed necessary and proper" to, among other purposes, prevent waste or destruction of the insurer's assets. The statute does not obligate the receiver to seek such an order, nor does it in any manner require Missouri courts to honor similar orders from reciprocal states.

In a related argument, relator points to the final sentence of section 375.1170.1: "The rehabilitator shall immediately consider all litigation pending outside this state and shall petition the courts having jurisdiction over that litigation for stays whenever necessary to protect the estate of the insurer." Relator argues that, because the rehabilitator has the authority to seek stays of cases pending outside Missouri, courts in Missouri are obligat-

---

1. A "reciprocal state" is defined as "any state . . . in which in substance and effect, provisions substantially similar to [MISRLA provisions regarding the duties of the director as liquidator and procedures for liquidation] have been enacted and are in force, and in which laws are in force requiring that the director of the state insurance department or equivalent official be the receiver of a delinquent insurer, and in which some provision exists for the avoidance of fraudulent conveyances and preferential transfers." § 375.1152(17), RSMo 1994.

ed to honor the stay orders of reciprocal states. Essentially, relator reads the sentence to mean that Missouri injunctions must be honored by sister states. The provision, he argues, would have little meaning if Missouri did not have a reciprocal obligation to honor sister state injunctive orders.

As in his prior argument, relator attempts to superimpose the rules governing liquidation proceedings upon a rehabilitation proceeding. A "reciprocal state" is defined in section 375.1152(17), as a state that has statutory provisions substantially similar to the MISRLA. All the statutes referenced in the definition are liquidation, not rehabilitation, provisions. The difference between the processes is clear. Where section 375.1170.1 allows stays during rehabilitation, limited by "ninety days and such additional time as is necessary for the rehabilitator to obtain proper representation and prepare for further proceedings," stays during liquidation are not similarly qualified.

> Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in this state, no action at law or equity or in arbitration shall be brought against the insurer or liquidator, whether in this state or elsewhere, nor shall any such existing actions be maintained or further presented after issuance of such order. The courts of this state shall give full faith and credit to injunctions against the liquidator or the company or the continuation of existing actions against [them], when such injunctions are included in an order to liquidate an insurer....

§ 375.1188.1, RSMo 1994. Clearly, the legislature intended to differentiate between enjoining actions pending in rehabilitation proceedings and those pending in liquidation proceedings.

Relator contends that the continued vitality of the interstate system regulating insurers in financial distress depends upon reciprocity, which requires that respondent honor the Michigan injunction. The contention is purely speculative and disregards the ability of a trial judge to exercise discretion in appropriate circumstances in rehabilitation proceedings, pursuant to section 375.1170.1.

Relator further contends that respondent's order is contrary to established law holding a stay of litigation is appropriate in the context of rehabilitation. Relying solely on the law of other jurisdictions, relator cites *State ex rel. Guste v. ALIC Corp.*, 595 So.2d 797, 800–01 (La.Ct.App.1992) (upholding validity of receivership order issued pursuant to Louisiana's version of the UILA and enjoining the institution or continuation of any suits against insurer); *Powell v. All City Ins. Co.*, 74 A.D.2d 942, 426 N.Y.S.2d 135, 136 (1980) (enforcing original rehabilitation order, which enjoined bringing or further prosecuting of any action against insurer under New York statute designed to insure an orderly proceeding); *Maryland Casualty Co. v. Marquette Casualty Co.*, 173 So.2d 868, 868–69 (La.Ct.App.1965) (staying proceedings on appeal against insurer pursuant to injunction in rehabilitation); *Cormier v. Angelle,* 119 So.2d 876, 877 (La.Ct.App.1960) (holding that court was powerless to adjudicate case as against insurer where a preliminary writ of injunction was issued during receivership proceedings); and *Benenate v. Brooks,* 95 So.2d 757, 762 (La.Ct.App.1957) (holding that the court was powerless to adjudicate a case against insurer in light of receivership order enjoining further actions against it). All of the cases relator cites involve enforcement of a stay issued by one state court in a court of the same state rather than interstate enforcement of an order. None of the cases involves statutes identical to those at issue here. None holds that the court of one state is required to honor a stay order issued in favor of a rehabilitator in another state. The cases upon which relator relies are of no assistance to him.

██ Finally, relator contends that the Michigan court's injunction should have been recognized by respondent as a matter of comity. Relator misunderstands the meaning of comity. In contrast to the Full Faith and Credit Clause of the United States Constitution, which imposes obligations on the courts of a sister state, the rule of comity is "a matter of courtesy, complaisance, respect—not of right but of deference and good will." *Ramsden v. Illinois,* 695 S.W.2d 457, 459 (Mo. banc 1985). Comity is a voluntary

decision of one state to defer to the policy of another in an effort to promote uniformity of laws, harmony in their application, and other related principles. *Id.* Further, comity extends to substantive rights only and does not generally apply to remedies. *Neve v. Reliance Ins. Co.,* 357 S.W.2d 247, 250 (Mo.App. 1962). Relator is not entitled to enforcement of the Michigan stay under the rule of comity.

Respondent did not exceed his jurisdiction in refusing to honor the order of the Michigan court, nor did he enter an erroneous order. The preliminary writ of prohibition is ordered quashed.

HOLSTEIN, C.J., BENTON, PRICE and LIMBAUGH, JJ., and WELSH, Special Judge, concur.

ROBERTSON, J., not sitting.