(3) Xcess Limited is an Ohio Limited Liability Company with its office and primary place of business located in Wooster, Ohio.
(4) Xcess Limited has no office, phone, address, agent, or place of business in Missouri.
(5) Xcess Limited is not authorized to do business in Missouri and does not transact business, advertise or solicit business within Missouri.
(6) There was no contract with the Plaintiff entered into within Missouri.
(7) Acceptance of Plaintiff's offer to purchase merchandise was made in the state of Ohio.
(8) Plaintiff made payment for the purchased merchandise in the state of Ohio.
(9) Plaintiff picked up the purchased merchandise in the state of Ohio.
Good World filed suggestions in opposition to Xcess's motion to dismiss, which included an affidavit from Lang describing his communications with Gallagher and Xcess about the transaction. In its suggestions, Good World argued that: (1) its petition properly pleaded sufficient facts supporting a prima facie claim of personal jurisdiction over Xcess; and (2) Good World's petition demonstrated that Xcess was subject to Missouri's long-arm statute and sufficiently connected to Missouri to satisfy the constitutional analysis requiring minimum contacts with the forum state.
On June 28, 2017, the circuit court heard oral arguments concerning Xcess's motion to dismiss. Subsequently, the court dismissed Good World's petition based on a summary finding that Missouri lacked personal jurisdiction over both Gallagher and Xcess. Good World appeals.[2]
STANDARD OF REVIEW
Whether there has been sufficient evidence presented to make a prima facie showing that a circuit court may exercise personal jurisdiction over a defendant is a question of law that we review de novo. Bryant v. Smith Interior Design Grp., Inc. , 310 S.W.3d 227, 231 (Mo. banc 2010). When a defendant raises a challenge *910 to personal jurisdiction, the plaintiff has the burden of demonstrating that the defendant's contacts with the forum state are sufficient. Id.
In our review, we consider "the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process." Id. Further, "the allegations of the petition are given an intendment most favorable to the existence of the jurisdictional fact." Moore v. Christian Fid. Life Ins. Co. , 687 S.W.2d 210, 211 (Mo. App. W.D. 1984).
Where, as in this case, "the motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a court may also consider affidavits and depositions properly filed in support of the motion to dismiss." Andra v. Left Gate Prop. Holding, Inc. , 453 S.W.3d 216, 224 (Mo. banc 2015) ; see also Rule 55.28. This does not convert the motion to dismiss into a motion for summary judgment, however, because the circuit court's " 'inquiry is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction.' " Id. (quoting Chromalloy Am. Corp v. Elyria Foundry Co. , 955 S.W.2d 1, 3 n.3 ). The circuit court is vested with the sole discretion to believe or disbelieve any statement made within the affidavits. Chromalloy , 955 S.W.2d at 4. We must affirm the circuit court's ruling concerning jurisdiction if the affidavits demonstrate that the defendant " 'did not commit any act sufficient to invoke' personal jurisdiction." Andra , 453 S.W.3d at 224-25 (quoting Chromalloy , 955 S.W.2d at 4 ).
ANALYSIS
In its sole point on appeal, Good World contends that the circuit court erred in dismissing its petition because it alleged sufficient facts to support the exercise of personal jurisdiction over Xcess. Our review of personal jurisdiction employs a two-step analysis. Bryant , 310 S.W.3d at 231. First, we must determine whether the defendant's alleged conduct satisfies Missouri's long-arm statute, Section 506.500. Id. If it does, then we must next determine "whether the defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over the defendant comports with due process." Id.
Prior to employing this two-step analysis, we first address Xcess's assertion that Good World's petition "contained only mere conclusions regarding long-arm jurisdiction and plead[ed] no ultimate facts." In support of its argument, Xcess cites paragraph four of the petition, which stated:
This Court has personal jurisdiction pursuant to the Missouri Long Arm Statute, Rev. Stat. Mo § 506.500, because Defendants Gallagher and Xcess, and each of them, transacted business in the State of Missouri, committed tortious acts within the State of Missouri, and entered into a contract within the State of Missouri as complained of herein.
(Emphasis added). Xcess maintains that this paragraph relied on conclusory statements and failed to plead ultimate facts demonstrating an entitlement to relief. See Brock v. Blackwood , 143 S.W.3d 47, 56 (Mo. App. W.D. 2004). We disagree.
"Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required." Rule 55.04. These averments must be made in numbered paragraphs, "the contents of each of which shall be limited as a far as practicable to a statement of a single set of circumstances." Rule 55.11.
*911 Further, a party may adopt statements made earlier in a pleading by reference. Rule 55.12. We must construe all pleadings "as to do substantial justice." Rule 55.24
Applying these rules, we do not agree with Xcess's assertion that Good World's petition was deficient because it failed to include every ultimate fact in a single paragraph. In paragraph four of its petition, Good World set forth the three grounds it believed granted the court personal jurisdiction and stated that it would set forth the particulars of each in later paragraphs. For each of its two counts, Good World incorporated the preceding paragraphs by reference. Construing Good World's petition "as to do substantial justice," we find that it sufficiently pleaded ultimate facts demonstrating an entitlement to relief.
Missouri's Long-Arm Statute
Missouri's long-arm statute, Section 506.500, has been understood "to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State ex rel. Deere & Co. v. Pinnell , 454 S.W.2d 889, 892 (Mo. banc 1970). Section 506.500 provides, in pertinent part:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state[.]
Good World argues that Xcess's conduct falls within subdivision (1) because it transacted business in Missouri, subdivision (2) because it made a contract in Missouri, and subdivision (3) because it committed the tortious act of sending false and misleading communications into Missouri. To satisfy Section 506.500.1, the defendant's conduct need fall within only one of these subdivisions. As it is dispositive, we will address only Good World's contention that it satisfied Section 506.500.1(3) because it sufficiently alleged that Xcess committed the tortious act of sending false and misleading communications into Missouri.
In its petition, Good World claimed that Xcess committed the tort of misrepresentation.[3] The elements of fraudulent misrepresentation are:
(1) a false, material representation;
(2) the speaker's knowledge of its falsity or his ignorance of its truth;
(3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated;
(4) the hearer's ignorance of the falsity of the representation;
*912 (5) the hearer's reliance on its truth;
(6) the hearer's right to rely thereon; and
(7) the hearer's consequent and proximately caused injury.
Bohac v. Walsh , 223 S.W.3d 858, 862-63 (Mo. App. E.D. 2007).
To support this claim, Good World alleged that: (1) Xcess[4] made false and material representations about the conformity of the contemplated goods; (2) Xcess knew these representations were "false, or at a minimum, [did not know] whether they were true or false"; (3) Xcess intended for Good World to rely upon Xcess's statements; (4) Good World was ignorant of the falsity of Xcess's statements; (5) Good World relied on Xcess's statements; (6) Good World justifiably relied on these statements; and (7) due to this reliance, Good World wired Xcess the agreed upon $33,500. These allegations substantially track the elements of fraudulent misrepresentation, and we are bound to regard them as true. See Noble v. Shawnee Gun Shop, Inc. , 316 S.W.3d 364, 369 (Mo App. W.D. 2010).
In its motion to dismiss, Xcess argued that, while it denies any tortious act, all acts alleged by Good World would have occurred, if they occurred at all, in Ohio. This argument ignores established precedent that " '[e]xtraterritorial acts that produce consequences in the state,' such as fraud, are subsumed under the tortious act section of the long-arm statute." Bryant , 310 S.W.3d at 232 (quoting Longshore v. Norville , 93 S.W.3d 746, 752 (Mo App. E.D. 2002) ). Stated another way, "fraudulent acts that create consequences in the forum state fall under section 506.500(3)." Andra , 453 S.W.3d at 225.
Here, Good World relied on Derek Lang's affidavit to show that the fraudulent conduct of Xcess created consequences in Missouri. Lang attested that Xcess solicited Good World to purchase items by sending emails, text messages, and phone calls to him in Missouri during October 2016. Lang was in Missouri at all times while negotiating the transaction and coordinating the transportation of the purchased items to Good World's warehouse in North Kansas City, Missouri. Xcess sent its invoice for $33,500 to Good World in Missouri, and Good World paid the invoice in Missouri. Good World learned that the items were nonconforming when they arrived at the final destination of the company's Missouri-based warehouse.
Good World alleged that, by making false and material misrepresentations about the conformity of the contemplated goods, Xcess committed fraudulent and misleading acts in Missouri that subject it to jurisdiction in this state for claims arising out of those acts. See Bryant , 310 S.W.3d at 232. Carrick's affidavit in support of Xcess's motion to dismiss was silent on the alleged tortious conduct. Therefore, we find that Good World sufficiently demonstrated that Xcess's conduct places it within reach of Missouri's long-arm statute. See id.
Minimum Contacts
The Due Process Clause of the Fourteenth Amendment prohibits courts "from exercising personal jurisdiction over a defendant where to do so offends 'traditional notions of fair play and substantial justice.' " Id. (quoting Int'l Shoe Co. v. Washington , 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ). In the absence of "one of the traditional territorial bases of personal jurisdiction-presence, domicile or consent-a court may assert personal jurisdiction over a defendant only if certain minimum contacts between Missouri and *913 the defendant are established." Id. (footnote omitted).
"When evaluating minimum contacts, the focus is on whether 'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " Id. (quoting Hanson v. Denckla , 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) ). This focus "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson , 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Further, the requirement that a defendant purposefully avail itself of the privilege of conducting activities within a forum state "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts[.]" Burger King Corp. v. Rudzewicz , 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
Here, Lang's affidavit established that Xcess purposefully engaged Good World in Missouri through emails, text messages, and phone calls containing verbal and written misrepresentations in pursuit of completing the sale of merchandise. The decision in Bryant controls. In Bryant , the Court held that, "[w]here 'the actual content of communications with a forum gives rise to intentional tort causes of action ... this alone constitutes purposeful availment.' " 310 S.W.3d at 235 (quoting Lewis v. Fresne , 252 F.3d 352, 359 (5th Cir. 2001) ) (emphasis added). While the means through which the defendant in Bryant transmitted the communications included physical documents and emails, the Court unequivocally stated that the fraudulent content of those communications, alone, was enough. Id.
Good World has sufficiently alleged that Xcess committed the intentional tort of misrepresentation. In our review, we must take this properly pleaded allegation as true, absent an affidavit to the contrary. See Bryant , 310 S.W.3d at 231 ; see also Chromalloy , 955 S.W.2d at 4. Consequently, with Xcess's failure to contradict this allegation, we find Missouri's exercise of personal jurisdiction over Xcess does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. , 326 U.S. at 316, 66 S.Ct. 154. The circuit court erred in dismissing Good World's petition for lack of personal jurisdiction. Good World's point on appeal is granted.
CONCLUSION
We reverse the judgment dismissing Good World's petition and remand the case for further proceedings consistent with this opinion.
All Concur.

Neither party has questioned our jurisdiction over this appeal but, as a reviewing court, we have the duty to determine the contours of our jurisdiction sua sponte. Chromalloy Am. Corp. v. Elyria Foundry Co. , 955 S.W.2d 1, 3 (Mo. banc 1997). Although the face of the circuit court's judgment does not specify that this dismissal is without prejudice, "[a] dismissal failing to indicate that it is with prejudice is deemed to be without prejudice." Jeffrey v. Cathers , 104 S.W.3d 424, 428 (Mo. App. E.D. 2003) ; see also Rule 67.03. A dismissal without prejudice is not generally considered a final, appealable judgment. Adem v. Des Peres Hosp. , 515 S.W.3d 810, 814 (Mo. App. E.D. 2017). However, "[a]n appeal from such dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum." Chromalloy , 955 S.W.2d at 3. The circuit court's order granting dismissal and implicitly rejecting the factual allegations forming the basis of Good World's claim of jurisdiction has the practical effect of terminating Good World's litigation in its chosen forum. Therefore, Good World's appeal is properly before us.

Good World asserted a claim of misrepresentation against Xcess without specifying a particular variant of misrepresentation. Missouri recognizes a cause of action for both an intentional misrepresentation and a negligent misrepresentation, the latter of which is "premised upon the theory that the speaker believed that the information supplied was correct, but was negligent in so believing." Colgan v. Washington Realty Co. , 879 S.W.2d 686, 689 (Mo. App. E.D. 1994). Good World's averments allege Xcess had the intent to misrepresent; therefore, we review this as a claim of intentional or fraudulent misrepresentation.

Good World alleged Xcess committed this tort by and through its agent Gallagher.