

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| IN THE ESTATE OF: ARNALDO SOARES BARROS, Deceased. | ) ) ) |
| DIANA BARROS, | ) ) |
| Appellant, | )    **WD85107** |
| v. | ) |
| | )    **OPINION FILED:** |
| | )    **December 6, 2022** |
| MARIA BARROS, MARK ALEXANDER BARROS, and JENNIFER ANN de BARROS, | ) ) ) ) |
| Respondents. | ) |

**Appeal from the Circuit Court of Johnson County, Missouri**
**The Honorable Brent F. Teichman, Judge**

**Before Division Four:** Gary D. Witt, Chief Judge, Presiding, and
Mark D. Pfeiffer and Thomas N. Chapman, Judges

Ms. Diana Barros appeals from the judgment entered by the Circuit Court of Johnson County, Missouri, Probate Division ("Missouri probate court"), dismissing her Petition for Determination of Heirship ("Missouri heirship petition"). Because it is undisputed that the Missouri heirship petition involves probate topics relating to a decedent who last resided in Broward County, Florida, there is already a probate proceeding pending in the State of Florida that appellant has consented to and participated in, and the identical probate topics are being

adjudicated in the Florida probate proceeding, principles of comity between the states of Missouri and Florida justify the Missouri probate court's dismissal ruling. Accordingly, we affirm.

**Factual and Procedural Background**

The salient facts and procedural history relevant to the dismissal ruling are not disputed and are as follows:

In 1981, Arnaldo Soares Barros ("Arnaldo")[1] purchased numbered lots and real property described other than by lot number in Johnson County, Missouri, in Lake Sexton Subdivision and Lake Sexton Second Subdivision. In 1997, Arnaldo and his wife, Maria, conveyed to Lake Sexton Estates, Inc. (of which Arnaldo was President) various lots in Lake Sexton Subdivision and in Lake Sexton Second Subdivision. Not included in the conveyance was the real property described other than by lot number in Lake Sexton Second Subdivision. When the deed from Arnaldo and Maria to Lake Sexton Estates, Inc. was executed, the corporation executed a promissory note in the principal amount of $1,350,000 payable to Arnaldo. To secure payment of the promissory note, the corporation executed a deed of trust to Arnaldo.

Arnaldo died on December 8, 2018. At the time of his death, Arnaldo resided in Broward County, Florida, with Maria. Arnaldo had two children from a previous marriage, Diana and Mark, and Arnaldo and Maria had one daughter together, Jennifer.

In June 2020, *Diana*, as Arnaldo's daughter, Will beneficiary, and successor personal representative, *filed a Petition for Administration—Testate in the Circuit Court of Broward County, Florida, Probate Division* ("Florida probate court"). Diana sought probate of Arnaldo's Will dated January 26, 2012, and First Codicil dated September 23, 2013, both of which had been previously filed with the Florida probate court on February 26, 2019, by Maria. Diana alleged that

---

[1] Because the parties to this proceeding share the same surname, we refer to them by their first names for the purpose of clarity. No familiarity or disrespect is intended.

2

Maria, the personal representative named to serve under Arnaldo's Will, had breached her fiduciary duties in connection with various trusts established by Arnaldo during his lifetime, including the revocable trust into which his probate estate transferred into, and requested that the Florida probate court appoint an independent person to serve as personal representative of Arnaldo's estate. In July 2021, Maria filed documentation with the Florida probate court in which she sought the appointment of a curator for the limited purpose of taking all actions necessary to satisfy the terms of the promissory note and deed of trust from Lake Sexton Estates, Inc. due Arnaldo's estate and to sell one parcel of real property owned by the estate.

On September 10, 2021, Diana filed the underlying Missouri heirship petition. She requested that the Missouri probate court enter a judgment determining Arnaldo's heirs and their interests in certain real property and intangible personal property owned by Arnaldo at the time of his death.[2]

On October 13, 2021, the Florida probate court entered an order granting Maria's petition for appointment of a curator for the limited purposes of closing on the sale of the Lake Sexton real property and marking the note and deed of trust as paid in full and distributing the sums received pursuant to the sale to the correct beneficiaries after obtaining court approval. The Florida probate

---

[2] Diana filed her Missouri heirship petition pursuant to section 473.663, RSMo 2016, which under certain circumstances and by statutorily interested persons, authorizes probate of assets located in Missouri after the decedent owner of the property has been deceased for more than a year and no probate administration in Missouri has commenced. Because section 473.663 authorizes this statutory civil proceeding, the Missouri probate court possessed subject matter jurisdiction over the proceeding below. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253-54 (Mo. banc 2009). But, principles of comity are a separate and distinct legal principle from subject matter jurisdiction. And, as our ruling today reflects, even a court in Missouri that possesses subject matter jurisdiction may necessarily and rightfully yield such jurisdiction to a foreign court under principles of comity. Hence, Diana's subject matter jurisdiction argument on appeal is a red herring; the real question is whether there were any grounds alleged in the motion to dismiss that supports the Missouri probate court's dismissal ruling. *See McDonald v. Chamber of Com. of Indep.*, 581 S.W.3d 110, 114 (Mo. App. W.D. 2019). Further, though we affirm the Missouri probate court's dismissal ruling under the *current* factual and procedural circumstances, should the Florida probate court fail to address disposition of the property in dispute via a judgment subject to full faith and credit in Missouri, today's ruling would not foreclose an appropriate Chapter 473 proceeding in Missouri between the parties at a later date.

court's order noted that *Diana* stated at the hearing that *she did not object to the curator's appointment*.

On October 25, 2021, Maria moved to dismiss Diana's Missouri heirship petition and amended her motion to dismiss on November 1, 2021. Maria argued that Arnaldo's Will and First Codicil was filed with the Florida probate court less than a year after his death; Diana herself had sought relief from the Florida probate court; the Florida probate court had issued a ruling, with Diana's consent, for the appointment of a curator in anticipation of probate administration of the same assets which were the subject of Diana's Missouri heirship petition—a petition that had been filed *after* the Florida probate court's curatorship ruling and *after* Diana had consented to the ruling. Maria contended that as a result of such pending Florida probate proceedings, Diana's Missouri heirship petition was "precluded by the doctrine of abatement, full faith and credit related to the Florida [probate court] orders, **or comity related to the Florida [probate court] orders**." (Emphasis added.) On December 21, 2021, the Missouri probate court entered its judgment sustaining Maria's amended motion to dismiss, and dismissing Diana's underlying Missouri heirship petition seeking a determination of heirship over the same property which is the subject of the Florida probate proceeding.[3]

Diana timely appealed.

---

[3] "Neither party has questioned our jurisdiction over this appeal but, as a reviewing court, we have the duty to determine the contours of our jurisdiction *sua sponte*." *Good World Deals, LLC v. Gallagher*, 554 S.W.3d 905, 909 n.2 (Mo. App. W.D. 2018). "Although the face of the circuit court's judgment does not specify that this dismissal is without prejudice, [a] dismissal failing to indicate that it is with prejudice is deemed to be without prejudice." *Id.* (internal quotation marks omitted) (citing Rule 67.03). "A dismissal without prejudice is not generally considered a final, appealable judgment." *Id.* Here, the Missouri probate court's ruling granting dismissal has the practical effect of terminating litigation relating to the Missouri heirship petition. Therefore, the appeal is properly before us. *State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 599 n.6 (Mo. banc 2019). Our ruling affirming the trial court's dismissal today is likewise without prejudice. *See* n.2.

**Standard of Review**

We review the trial court's decision to grant a motion to dismiss *de novo*. *McDonald v. Chamber of Com. of Indep.*, 581 S.W.3d 110, 114 (Mo. App. W.D. 2019). "'In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss.'" *Id.* (quoting *Goldsby v. Lombardi*, 559 S.W.3d 878, 881 (Mo. banc 2018)). Only "'[i]f the motion to dismiss cannot be sustained on any ground alleged in the motion [will] the trial court's ruling . . . be reversed.'" *Id*. (quoting *Goldsby*, 559 S.W.3d at 881).

**Analysis**

Diana asserts that the Missouri probate court erred in sustaining the motion to dismiss her Missouri heirship petition. Though there were numerous grounds raised in the motion to dismiss, because the Missouri probate court's dismissal ruling is justified on one of the grounds raised in the motion to dismiss—that is, the doctrine of comity, we limit our discussion accordingly.

"Comity is a voluntary decision of one state to defer to the policy of another in an effort to promote uniformity of laws, harmony in their application, and other related principles." *State ex rel. Dykhouse v. Edwards*, 908 S.W.2d 686, 689-90 (Mo. banc 1995). "Comity and the duty to recognize the validity and effect of court proceedings in a foreign jurisdiction are not regarded as absolute rights, but are rather self-imposed restraints." *Welch v. Contreras*, 174 S.W.3d 53, 56 (Mo. App. W.D. 2005). "[T]he rule of comity is 'a matter of courtesy, complaisance, respect—not of right but of deference and good will.'" *Dykhouse*, 908 S.W.2d at 689 (quoting *Ramsden v. Illinois*, 695 S.W.2d 457, 459 (Mo. banc 1985)). "The doctrine of comity is not a rule of law, but one of practice, convenience and expediency." *Ramsden*, 695 S.W.2d at 459 (internal quotation marks omitted).

Here, Arnaldo's Will and First Codicil were both filed with the Florida probate court on February 26, 2019. In June 2020, *Diana* filed a Petition for Administration—Testate with the Florida probate court, seeking administration of the probate of Arnaldo's Will and First Codicil as she alleged that Maria, as the personal representative of Arnaldo's Will, violated her fiduciary duties to Arnaldo's Will beneficiaries by failing to actively seek prompt probate of the assets of Arnaldo's estate. In July 2021, Maria responded by filing a request for the appointment of a curator with the Florida probate court for the limited purposes of closing on the sale of the Lake Sexton real property and marking the note and deed of trust as paid in full and distributing the sums received pursuant to the sale to the correct Will beneficiaries after obtaining court approval. On October 13, 2021, the Florida probate court entered an order granting Maria's request for appointment of a curator. The Florida probate court's order noted that *Diana* affirmatively stated at the hearing that *she did not object to the curator's appointment*.

Hence, Florida is the state where the litigation regarding Arnaldo's probate assets was first instituted. The Florida probate court is the forum where *Diana* appeared, sought affirmative relief from, and stated at the curator appointment hearing that she did *not* object to the Florida probate court's appointment of a curator for the limited purposes of closing on the sale and asset distribution to Arnaldo's Will beneficiaries of the Lake Sexton real property. These are the assets that are the subject of Diana's Missouri heirship petition, which she filed in Missouri less than a month after the Florida probate court appointed the curator *with Diana's express approval*.

"Under the principle of comity, when two state courts have jurisdiction to determine an issue between the same parties, the court whose jurisdiction attached first should proceed to render a final judgment." *Hale v. Hale*, 781 S.W.2d 815, 820 (Mo. App. E.D. 1989). *See also Welch*, 174 S.W.3d at 56 ("[W]here courts in two different states have coordinate jurisdiction, the one

whose jurisdiction first attaches retains it and proceeds to final judgment regardless of any action taken by the other court." (citing *Jewell v. Jewell*, 484 S.W.2d 668, 674 (Mo. App. 1972)). "[T]here are numerous Missouri cases which indicate a strong policy bent against duplicative actions and forum-shifting." *Brooks Erection & Constr. Co. v. William R. Montgomery & Assocs., Inc.*, 613 S.W.2d 859, 863 (Mo. App. E.D. 1981). "[W]hen duplicative actions have been filed in separate states, the decision on whether to defer to one action is not intransigently governed by the 'first to file' rule. Rather, the decision ultimately reflects considerations of comity and the orderly administration of justice." *Id.* Under the facts and circumstances of this case, the doctrine of comity justifies the Missouri probate court's dismissal ruling. Accordingly, the Missouri probate court did not err in dismissing Diana's Missouri heirship petition.

Point denied.

**Conclusion**

The judgment of the Missouri probate court is affirmed.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Gary D. Witt, Chief Judge, and Thomas N. Chapman, Judge, concur.

7