Standard of Review
The Missouri Constitution vests this Court with the authority to issue and determine original remedial writs. Mo. Const. art. V, sec. 4. Prohibition is a discretionary writ that will only issue to (1) prevent a court from acting in excess of its authority or jurisdiction; (2) remedy a court acting in excess of its authority or jurisdiction or abusing its discretion; or (3) avoid irreparable harm to a party. State ex rel. Bayer Corp. v. Moriarty , 536 S.W.3d 227, 230 (Mo. banc 2017). "Prohibition is the proper remedy to prevent further action of the trial court where personal jurisdiction of the defendant is lacking." State ex rel. Norfolk S. Ry. Co. v. Dolan , 512 S.W.3d 41, 45 (Mo. banc 2017).
Analysis
The question before this Court is whether the circuit court erred in overruling PPG's motion to dismiss and finding the circuit court had personal jurisdiction over PPG. Hilboldt asserts the circuit court has personal jurisdiction under section 506.500,[2] Missouri's long-arm statute, *891 because PPG committed a tortious act - negligent misrepresentation - in Missouri. PPG argues Hilboldt failed to establish the circuit court has personal jurisdiction in that PPG is a Pennsylvania-based corporation and its only ties to Missouri in the instant case were the representations made on its passive website, which were not aimed specifically at Missouri consumers. To answer this question, a brief review of the concepts of personal jurisdiction is helpful.
Personal jurisdiction "is a due process requirement limiting the power of courts over litigants." Bayer , 536 S.W.3d at 231. These limits "principally protect the liberty of the nonresident defendant - not the convenience of plaintiffs or third parties." Walden v. Fiore , 571 U.S. 277, 284, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014). When the defendant contests jurisdiction, "it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient." Bayer , 536 S.W.3d at 231.
A court's personal jurisdiction over a defendant can be either general or specific. Id. The parties agree this case concerns the circuit court's specific jurisdiction over PPG.[3] Specific jurisdiction exists over a nonresident defendant when the underlying claim arises out of the defendant's contacts with the forum. Id. at 233. "Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty. , --- U.S. ----, 137 S.Ct. 1773, 1780, 198 L.Ed.2d 395 (2017). "[I]n other words, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.' " Id. (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown , 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) ). To be sure, "Only if the instant suit arises out of [the defendant's] contacts with Missouri does Missouri have specific jurisdiction." State ex rel. Norfolk S. Ry. Co ., 512 S.W.3d at 49. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." Bristol-Myers Squibb Co. , 137 S.Ct. at 1781.
Missouri courts use a two-prong test to determine if personal jurisdiction exists over a nonresident defendant. Andra v. Left Gate Prop. Holding, Inc. , 453 S.W.3d 216, 225 (Mo. banc 2015). First, the out-of-state defendant's conduct "must fall within Missouri's long-arm statute, section 506.600." Id. Once it has been determined the nonresident defendant's conduct is covered under the long-arm statute, the court must then determine whether the defendant has sufficient minimum contacts with Missouri to satisfy due process. Id.
*892 Missouri's long-arm statute provides:
Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
* * *
(3) The commission of a tortious act within the state.
Section 506.500.1(3). Included in the tortious act section of the long-arm statute are "[e]xtraterritorial acts that produce consequences in the state, such as fraud." Bryant v. Smith Interior Design Grp., Inc ., 310 S.W.3d 227, 232 (Mo. banc 2010). Hilboldt concedes PPG's conduct was extraterritorial but nevertheless argues the circuit court has jurisdiction over PPG because "PPG's misrepresentations ... were received by Hilboldt in Missouri, relied upon by Hilboldt in Missouri, and ... caused injury to Hilboldt in Missouri." Hilboldt contends these "consequences in the state" are sufficient to find PPG committed a tortious act in Missouri.
Hilboldt principally relies on Bryant to further its argument that PPG acted tortiously within Missouri. In Bryant , an out-of-state defendant sent allegedly fraudulent documents to a Missouri resident and concealed its fraud in subsequent communications with that resident over telephone, email, and written correspondence. Id. The allegations of directed action into the state of Missouri were "sufficient to demonstrate the commission of a tortious act within this state and to place [the defendant] within the reach of Missouri's long-arm statute." Id. "Where a defendant knowingly sends into a state a false statement, intended that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state." Id. at 234 (quoting Murphy v. Erwin-Wasey, Inc. , 460 F.2d 661, 664 (1st Cir. 1972) ).
Bryant is distinguishable on its facts. In Bryant , the defendant sent physical mail and emails and made phone calls directly to the Missouri plaintiff. Here, no such direct or individual communication was made to Hilboldt. PPG did not contact any Hilboldt representative through its website, nor did Hilboldt interact with any PPG representative using the website. The website was not used to complete any transaction, facilitate any communication, or beget any interaction between Hilboldt and PPG. And although the website was accessible by Missouri residents, it was not targeted at Missouri residents. PPG sent nothing into Missouri, nor did it attempt to solicit web traffic from Missouri specifically. PPG did nothing more than publish information that was equally as available to individuals in each of the other 49 states as it was to residents of Missouri.
The absolute remoteness of the connection between PPG's online representation and the forum state bears emphasizing. PPG merely indicated on its website that Finishing Dynamics was one of an indeterminate number of companies it had deemed "approved extrusion applicator[s]." This wide-reaching, public posting of information was the extent of PPG's "action" at issue here. Given the broad and general nature of PPG's website, PPG's suit-related contacts with Missouri are not sufficient to be considered tortious acts within the state.[4]
*893 Additionally, the information on PPG's website that Hilboldt allegedly relied upon was used to enter into a contract with a third party, Finishing Dynamics - a contract in which PPG had no role. And it was this third party's alleged unilateral mistake that is the true basis for the underlying lawsuit, which muddles the connection between PPG and Missouri even further.[5] Without more, the website's accessibility in Missouri is insufficient to confer personal jurisdiction.
The mere allegation that a website, accessible by internet users in every state in the country, published false or misleading statements cannot be enough to conclude the website owner acted tortiously within Missouri. To find specific jurisdiction under these facts would allow PPG - and virtually any other company with a website - to be sued in Missouri if its website was viewed by a party who believes it was aggrieved by the information obtained. Such a result would open up Missouri courts to suits against companies who lack even negligible contacts with the state. In other words, it would essentially "resemble[ ] a loose and spurious form of general jurisdiction." Bristol-Myers Squibb , 137 S.Ct. at 1781. This cannot be the proper result. "What is needed-and what is missing here-is a connection between the forum and the specific claims at issue." Id.
PPG's connection to Missouri, based solely on its passive internet activity, is so very attenuated and so very remote that any consequences felt in Missouri in this case cannot reasonably be attributed to PPG's online activity. Because PPG's conduct does not fall within Missouri's long-arm statute, Hilboldt cannot demonstrate its claim satisfies the first prong of the test for personal jurisdiction.[6] As such, the circuit court does not have personal jurisdiction over PPG.[7]
*894 Conclusion
Because there was no tortious act within the state, the circuit court lacks personal jurisdiction over PPG. The circuit court should have sustained PPG's motion to dismiss for lack of personal jurisdiction. The preliminary writ of prohibition is made permanent, and the circuit court is directed to dismiss the underlying claim against PPG.
All concur.

All statutory references are to RSMo 2000 unless stated otherwise.

A court exercises general jurisdiction over a defendant when the underlying suit does not arise out of or relate to the defendant's contacts with the forum. Bayer , 536 S.W.3d at 231. Typically, in the case of a corporate defendant, a court may exercise general jurisdiction over that corporate defendant only if it is incorporated in the forum state or its principal place of business is in the forum state. Daimler AG v. Bauman , 571 U.S. 117, 139, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). In an "exceptional" case - if a corporation's contacts with a forum are "so substantial and of such a nature as to render the corporation at home" in the forum state - general jurisdiction may be authorized over the out-of-state defendant. Id. n.19. In its petition, Hilboldt does not allege PPG is subject to general jurisdiction in Missouri, but rather asserts PPG is subject to specific jurisdiction.

Further, compare this case with Good World Deals, LLC. v. Gallagher , 554 S.W.3d 905, 911-13 (Mo. App. W.D. 2018) (determining extraterritorial conduct of defendant in the form of sending allegedly false and misleading emails, text messages, and telephone calls to plaintiff in Missouri, which caused plaintiff to suffer financial harm in Missouri, was sufficient to find a tortious act occurred in Missouri). In contrast, PPG did absolutely nothing intentionally or specifically directed into Missouri.

The Supreme Court of the United States has "consistently rejected" the use of third-party or plaintiff actions to satisfy the due process requirement in the specific jurisdiction analysis. See Helicopteros Nacionales de Colombia, S.A. v. Hall , 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ("unilateral activity of another party or third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"). Although this Court is concerned with whether an act occurred "within the state" rather than whether PPG had sufficient minimum contacts for due process purposes, the underlying considerations remain the same.

Because this is dispositive of the case, this Court need not discuss the second prong of the personal jurisdiction test, the due process analysis.

In its response to PPG's motion to dismiss, Hilboldt requested it be permitted to conduct additional discovery into PPG's contacts with Missouri if the circuit court determined the known contacts were insufficient to satisfy due process. Because the circuit court overruled PPG's motion to dismiss, it did not rule on the request for additional discovery. Hilboldt reiterated this request in its Respondent's brief here. PPG's petition for a writ of prohibition sought relief only as to the overruling of the motion to dismiss and this is the only issue before the Court at this time. "While a respondent is entitled to advance any argument in support of the decision being reviewed," Cass Cty. v. Dir. of Revenue , 550 S.W.3d 70, 74 (Mo. banc 2018), it cannot request its own unrelated relief in a writ proceeding on an issue not before the Court.