

# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL. KEY INSURANCE )   *Opinion issued October 29, 2019*
COMPANY, )
 )
 Relator, )
 )
v. )   No. SC97623
 )
THE HONORABLE MARCO A. )
ROLDAN, )
 Respondent. )


**ORIGINAL PROCEEDING IN PROHIBITION**


Key Insurance Company filed a petition for a writ of prohibition directing the circuit court to dismiss, for lack of personal jurisdiction, claims filed against it by Josiah Wright and Phillip Nash.  This Court issued a preliminary writ of prohibition.  Nash alleges Key committed the tort of bad faith refusal to settle in Missouri, bringing Key within the purview of Missouri's long-arm statute and establishing the requisite minimum contacts necessary to satisfy due process.  The preliminary writ of prohibition is quashed.

## Factual Background

Key Insurance Company is an insurance company incorporated under the laws of the state of Kansas with its principal place of business in Kansas.  Key issued an insurance

policy to Kansas City, Kansas, resident, Takesha Nash (Takesha). The insurance policy covered her 2002 Kia Optima. Takesha's father, Phillip Nash (Nash), was involved in a motor vehicle collision with Josiah Wright in Jackson County, Missouri, while driving Takesha's Optima. Soon after the collision, Wright's counsel informed Key of the collision, and Key denied coverage.[1] Wright sued Nash in Jackson County. Wright and Nash agreed to submit their dispute to arbitration in Jackson County. The arbitrator awarded Wright $4.5 million in damages. The circuit court then confirmed Wright's arbitration award as a final judgment.

After arbitration, Wright filed a lawsuit against Key and Nash in the Jackson County circuit court seeking to collect insurance proceeds from Takesha's Key insurance policy. Nash filed a cross-claim against Key, alleging Key committed the tort of bad faith refusal to settle and breached its contractual duty to defend him. Key filed a motion to dismiss Wright and Nash's claims for lack of personal jurisdiction, which the circuit court overruled. Key sought a writ of prohibition from this Court directing the circuit court to dismiss Wright and Nash's claims for lack of personal jurisdiction. This Court issued a preliminary writ of prohibition.

---

[1] This Court recognizes that the parties dispute the applicability of Takesha's Key insurance policy. This opinion is only concerned with the issue of personal jurisdiction; it expresses no opinion as to the underlying merits of the case or as to any interpretation of the insurance policy. *See State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 893 (Mo. banc 1970) ("[T]he hearing on the motion to quash will be limited to an evaluation of relators' contacts with this state and a prima facie showing that acts contemplated by the statutes involved took place. Certainly a trial on the merits is not required, which, among others, might include questions of negligence, contributory negligence, contributory fault, causation and the extent of damages suffered from the injuries alleged.").

**Standard of Review**

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, § 4.1.

> A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Hawley v. Midkiff*, 543 S.W.3d 604, 606-07 (Mo. banc 2018) (quoting *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014)). "Prohibition is the proper remedy to prevent further action of the trial court where personal jurisdiction of the defendant is lacking." *Id.* at 607 (quoting *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 45 (Mo. banc 2017)). Prohibition will issue only when the lower court's usurpation of jurisdiction is "clearly evident." *Id.*

**Analysis**

Personal jurisdiction is a court's power over the parties in a given case. *Norfolk S. Ry.,* 512 S.W.3d at 46. "The basis of a court's personal jurisdiction over a corporation can be general—that is, all-purpose jurisdiction—or it can be specific—that is, conduct-linked jurisdiction." *Id.* This is not a case in which general jurisdiction is applicable, as Key is a corporation formed under Kansas law with its principal place of business in Kansas. *See id.* ("A court normally can exercise general jurisdiction over a corporation only when the

3

corporation's place of incorporation or its principal place of business is in the forum state.").[2]

Specific jurisdiction over a foreign corporation exists when the underlying lawsuit arises from the corporation's contacts with Missouri. *State ex rel. PPG Indus., Inc. v. McShane*, 560 S.W.3d 888, 891 (Mo. banc 2018). To establish specific personal jurisdiction over a foreign corporation, a two-prong test must be met: (1) the defendant's conduct must fall within the long-arm statute, § 506.500[3]; and (2) the court must then determine if the foreign corporation has the requisite minimum contacts so as not to offend due process. *PPG Indus.*, 560 S.W. 3d at 891. "A court evaluates personal jurisdiction by considering the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process." *State ex rel. Cedar Crest Apartments, LLC v. Grate*, 577 S.W.3d 490, 496 n.5 (Mo. banc 2019).

**Missouri's Long-Arm Statute, § 506.500**

Section 506.500, provides in pertinent part:

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

---

[2] Nor is this the exceptional case in which general jurisdiction applies because the corporation's operations in the forum state are "so substantial and of such a nature as to render the corporation at home in that State." *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).
[3] All statutory references are to RSMo 2016 unless otherwise specified.

. . . .

(3) The commission of a tortious act within this state[.]

Nash's cross-claim alleges the tort of bad faith refusal to settle against Key. In Missouri, bad faith refusal to settle is a tort action. *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 829 (Mo. banc 2014). "[A] bad faith refusal to settle action will lie when a liability insurer: (1) reserves the exclusive right to contest or settle any claim; (2) prohibits the insured from voluntarily assuming any liability or settling any claims without consent; and (3) is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy." *Id.* at 827.

Taking Nash's allegations in his cross-claim as true, there are facts established that invoke Missouri's long-arm statute and make a prima facie showing as to the validity of his bad faith refusal to settle claim. Wright's petition, and subsequently Nash's cross-claim, allege jurisdiction is proper in Missouri under § 506.500 because the action arises out of a contract to insure a person, property, or risk in Missouri.[4] Further, Nash alleges he is a resident of Jackson County, Missouri, and that the Jackson County circuit court entered judgment confirming an arbitration award of $4.5 million in favor of Wright against him.

Nash also alleged that the policy Key issued to Takesha grants Key the exclusive right to contest or settle any claim, that the policy prohibits any insured from voluntarily assuming any liability or settling any claims without Key's consent, and that Key has

---

[4] In Nash's cross-claim for bad faith refusal to settle and breach of Key's duty to defend, he incorporated by reference the entirety of Wright's petition to recover insurance proceeds.

engaged in fraud or bad faith.[5]  For jurisdictional purposes, Nash has satisfactorily pleaded that Key committed the tort of bad faith refusal to settle in Missouri.[6]  Because Key is alleged to have committed a tort in Missouri, its conduct falls within the purview of Missouri's long-arm statute.  The first prong of the test is satisfied.

### Key's Minimum Contacts with Missouri

The Due Process Clause requires that a foreign corporation have minimum contacts with the forum state for the forum court to exercise personal jurisdiction over the defendant corporation.  *Peoples Bank v. Frazee*, 318 S.W.3d 121, 128 (Mo. banc 2010).  "Section 506.500 is construed to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process clause."  *Andra v. Left Gate Prop. Holding, Inc.,* 453 S.W.3d 216, 225 (Mo. banc 2015) (internal quotations omitted).  In Missouri, "[a] single tortious act is sufficient to support personal jurisdiction consistent with due process standards."  *State ex rel. William Ranni Assocs., Inc. v. Hartenbach*, 742

---

[5] For example, Nash makes the following allegations:
> (1) Key decided to deny coverage and an unconditional defense to Nash; (2) Key took no steps to resolve Wright's claims within its policy limit despite having a reasonable opportunity to do so; (3) Key failed to investigate Wright's claims and his injuries; (4) Key knew that Wright's claims were so significant that any judgment would likely exceed the insurance policy's limits; (5) Key acted to protect its financial interests at the expense of Nash's financial interests; and (6) Key failed to notify Nash of Wright's settlement offers.

[6] Additionally, in the choice of law context, the Eighth Circuit has recognized the "injury" in a bad faith refusal to settle claim is the economic harm suffered by the insured as a result of the excess verdict and that the place of that injury is where the economic impact of that excess judgment is felt. *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, 668 F.3d 991, 997 (8th Cir. 2012). Jackson County, Missouri, is both where the excess verdict was entered and where Nash resides. *See also W. Am. Ins. Co. v. RLI Ins. Co.*, 698 F.3d 1069, 1074 (8th Cir. 2012) (holding, in a bad faith refusal to settle case, the place of economic impact was Kansas, where the insured resided).

S.W.2d 134, 139 (Mo. banc 1987). Further, "Missouri courts may still assert personal jurisdiction over a non-domiciliary defendant corporation without violating due process if that entity has at least one contact with this state *and* the cause of action being pursued arises out of that contact." *Cedar Crest Apartments*, 577 S.W.3d at 494.

Key has the requisite minimum contacts with Missouri. Key's alleged tortious behavior of bad faith refusal to settle is a contact contemplated by Missouri's long-arm statute. This alleged tortious contact, by itself, is sufficient to satisfy due process because Nash's cross-claim arises out of this contact with Missouri. Additionally, Missouri's long-arm statute reaches as far as the Due Process Clause lets it reach without violating the constitution. Although Key's alleged tort may be its only contact with this state, it is within the bounds of due process to allow Missouri courts to exercise personal jurisdiction over it.

## Conclusion

The issuance of a writ of prohibition in this case would be inappropriate. There has been no showing that the circuit court's usurpation of jurisdiction was "clearly evident." Nash adequately pleaded facts in his cross-claim that establish personal jurisdiction. This Court's preliminary writ of prohibition is quashed.

_____
Zel M. Fischer, Judge


Draper, C.J., Powell and Stith, JJ., concur;
Wilson, J., dissents in separate opinion filed;
Russell and Breckenridge, JJ., concur in opinion of Wilson, J.



# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL. KEY INSURANCE )
COMPANY, )
                             )
             Relator, )
                             )
v. )  No.  SC97623
                             )
THE HONORABLE MARCO A. )
ROLDAN, )
             Respondent. )

### DISSENTING OPINION

As set forth below, Phillip Nash failed to make a prima facie showing that personal jurisdiction over Key Insurance is authorized by Missouri's long-arm statute, section 506.500.[1]  But, if the long-arm statute is stretched so far as to countenance Nash's bare bones pleading and wholesale refusal to offer any evidence to rebut the evidence offered by Key Insurance in this case, then any exercise of personal jurisdiction based on such a showing must surely violate due process.  Key Insurance has no contacts with this state, let alone sufficient minimum contacts so as not to offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).  Accordingly, I would make this Court's preliminary writ of prohibition permanent.

---

[1]  All statutory references are to RSMo 2016 unless otherwise noted.

Missouri courts use a two-prong test to evaluate specific personal jurisdiction over a nonresident defendant. *Andra v. Left Gate Prop. Holding, Inc.*, 453 S.W.3d 216, 225 (Mo. banc 2015). First, the out-of-state defendant's conduct "must fall within Missouri's long-arm statute, section 506.500." *Id.* If this prong is met, the court must then determine whether the defendant has sufficient minimum contacts with Missouri to satisfy due process. *Id.* "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quotation omitted). Specific jurisdiction exists "where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis omitted).

> Missouri's long-arm statute provides:
>
> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this state;
> (2) The making of any contract within this state;
> (3) The commission of a tortious act within this state;
> (4) The ownership, use, or possession of any real estate situated in this state;
> (5) The contracting to insure any person, property or risk located within this state at the time of contracting ….

§ 506.500.1. The circuit court found Key Insurance's actions satisfied the requirements of subsections (1), (3), and (5).

No colorable argument has been made – and the principal opinion does not even suggest – that Nash's claims arise out of Key Insurance's transacting business in Missouri, making a contract here, or contracting elsewhere to insure a risk located in Missouri at the time of contracting. Accordingly, the only long-arm provision possibly at play in this case is that Nash's claims arise out of Key Insurance committing a tortious act within this state.

The principal opinion holds: "For jurisdictional purposes, Nash has satisfactorily pled that Key committed the tort of bad faith refusal to settle in Missouri." *Slip Op*. at 6 (footnote omitted). To be clear, however, the gravamen of all of Nash's claims is that Key Insurance was contractually obligated to defend him and indemnify his liability to the other driver and that Key Insurance breached that contractual obligation. Having determined – correctly or incorrectly – that it owed no duty to defend or indemnify Nash, Key Insurance took no further steps in his case, including no attempt to settle the other driver's claims against Nash. If those facts are sufficient, without more – and nothing more was pled or proved by Nash in this case[2] – then ***every*** duty to defend case

---

[2] Nash did not contend – and certainly offered no proof – in the circuit court that Key Insurance committed a tortious act within this state. Instead, he asserted that Key Insurance committed an act that produced actionable consequence in Missouri. He argued: "Wright's and Nash's claims arise directly from Key Insurance's denial of coverage. Regardless of where Key operated when it denied coverage, it was foreseeable to Key that its denial of coverage would result in a Missouri court entering a judgment against Nash who is a Missouri resident. The Missouri judgment meets any definition of 'injurious actionable consequences.'" Even if Nash was correct about extraterritorial acts producing injurious actionable consequences in Missouri, the

3

necessarily must also be a "tortious refusal to settle" case. And, under the logic set forth in the principal opinion, every insurance company is subject to suit in Missouri in such cases as long as the "economic harm" of the failure to settle occurs here. *Slip Op*. at 6 n.6.

Even if such a sweeping assertion of jurisdiction is authorized by section 506.500 – and it is not[3] – Key Insurance did not have sufficient minimum contacts with Missouri to satisfy due process. The due process analysis in the principal opinion is so perfunctory that it serves only to highlight the principal opinion's unstated premise, i.e., that every set of facts that satisfies the long-arm statute necessarily satisfies due process or, said another way, that all due process analyses are subsumed within Missouri long-arm statute analyses. This is incorrect, and nowhere is it more incorrect than in dealing

---

act of denying coverage on which Nash solely relies was, at worst, a breach of contract. It was not a tort.

[3] "A party relying on a defendant's commission of a tort within this state to invoke long arm jurisdiction must make a prima facie showing of the validity of his claim." *State ex rel. William Ranni Assocs., Inc. v. Hartenbach*, 742 S.W.2d 134, 139 (Mo. banc 1987). This requires more than an evaluation of the sufficiency of the pleadings. *Id.* Conspicuously missing from the principal opinion is any analysis of Key Insurance's uncontroverted evidence that the named insured materially misrepresented the ownership (and the principal driver) of the vehicle at issue in this case. Under Kansas law, which governs this insurance contract, such a material misrepresentation negates any contractual obligation Key Insurance otherwise may have had with respect to this accident. *See* K.S.A. 40-2, 118(f). Moreover, this Court in *William Ranni Associates* noted that – when determining whether an action sounds in tort or contract for purposes of the long-arm statute – "it is necessary to ascertain the source of the duty claimed to be violated." *William Ranni Associates*, 742 S.W.2d at 140. Here, there must be a contractual duty to defend and indemnify before the duty of reasonableness arises with respect to negotiation and settlement of liability within the policy limits. Nash's singular reliance on Key Insurance's denial of coverage fails to make a prima facie showing that such an underlying contractual duty existed before there could be a tort claim for refusing to settle.

4

with the provision of the long-arm statute relying on a nonresident defendant committing a tortious act in Missouri.

For purposes of the analysis under the long-arm statute, the question is whether the nonresident defendant committed acts in Missouri that constitute a tort, or committed tortious acts outside Missouri with actionable consequences in this state. For purposes of a due process analysis, however, the only questions are whether the defendant's contacts with Missouri are created by the defendant (rather than third parties) and whether those contacts represent such a substantial connection with this state that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe,* 326 U.S. at 316); *accord Walden*, 571 U.S. at 283*; Burger King*, 471 U.S. at 476. The answers to these questions may be the same in many (or even most) cases, but the questions are very different and need to be analyzed separately.

Had the principal opinion undertaken a separate, thorough due process analysis, it would have determined – notwithstanding the erroneous conclusion that Nash had made a prima facie showing that Key Insurance had committed a tort in Missouri (as well as the necessary predicate showing that Key Insurance had a contractual duty to defend and indemnify him) – Nash failed to show that Key Insurance had any contacts with Missouri, let alone that there was the "substantial relationship" between Key Insurance, the state of Missouri, and Nash's claim necessary to satisfy due process and traditional notions of fair play and substantial justice.

In evaluating Key Insurance's Missouri contacts, it is important to note at the outset that only the actions of Key Insurance can be considered; nothing done by Nash (or the other driver, or the named insured) can subject Key Insurance to the jurisdiction of Missouri courts. For due process purposes, the only relevant contacts "must proximately result from actions by the defendant himself that create a ***substantial connection*** with the forum State." *Andra*, 453 S.W.3d at 226 (emphasis added) (quotation omitted). *See also Walden*, 571 U.S. at 284 (recognizing the United States Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State").

Relying on outdated authorities[4] from other jurisdictions, the circuit court found that the following contacts by Key Insurance were sufficient to satisfy due process: (1) Key Insurance's policy requires it to defend claims brought anywhere in the United States; (2) Key Insurance had notice of the other driver's intent to sue Nash in Missouri; (3) the other driver's lawsuit against Nash alleges negligent acts occurring in Missouri; (4) the lawsuit triggered Key Insurance's duty to defend Nash in Missouri and its duty to attempt to settle the claim; (5) the arbitration occurred in Missouri; and (6) a Missouri court confirmed the arbitration. These are not sufficient.

---

[4] Authorities from 2010 and earlier upholding expansive assertions of personal jurisdiction, particularly those relying on "hoary notions" of foreseeability and purposeful availment, *see State ex rel. Cedar Crest Apartments, LLC v. Grate*, 577 S.W.3d 490, 495 n.2 (Mo. banc 2019), need at least to be reexamined in light of the United States Supreme Court decisions in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017); *Daimler AG v. Bauman*, 571 U.S. 117, 126-28 (2014); *Walden*, 571 U.S at 284; and *Goodyear*, 564 U.S. at 918-19. By the same token, because this Court repeatedly has observed that section 506.500 extends personal jurisdiction to the outer limits permitted by due process,

6

Purported contacts (2), (3), (5), and (6) have no relevance to this inquiry because they concern the actions of third parties, not actions by Key Insurance in or directed toward Missouri. Contacts (1) and (4), which are substantially the same, do not refer to any act performed by Key Insurance in this state or targeted at this state. Instead, they are nothing more than an assertion that every insurance company is subject to the personal jurisdiction of every state in which an insured could be sued. Key Insurance issuing of a nationwide policy does not create the sort of "substantial connection" with Missouri (let alone all 50 states) required by due process.

Running throughout Nash's arguments for jurisdiction is his claim that it was likely – and Key Insurance reasonably should have foreseen – that its insureds would be involved in accidents outside of Kansas and, therefore, Key Insurance could expect to be sued wherever those accidents occurred. "Yet 'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980).

Instead, there must be a substantial connection between Missouri and the nonresident defendant (created by the actions of the nonresident defendant and not third parties), and such a substantial connection is missing in this case. At the end of the day, Nash claims that Key Insurance breached its contractual duty to defend and indemnify him and that, if it had not done so, Key Insurance would have settled the claims against him within the policy limits. Nothing more. Missouri's long-arm statute does not extend

---

constructions of Missouri's long-arm statute prior to the foregoing decisions also may need to be reexamined. *See State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 46 (Mo. banc 2017).

to such extraterritorial acts by a nonresident defendant and, even if it did, due process would not countenance such an overextension of Missouri courts' power.

_____

Paul C. Wilson, Judge