

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. LG CHEM, LTD.      )      *Opinion issued June 2, 2020*
     )
               Relator,      )
     )
     )      No. SC97991
     )
THE HONORABLE NANCY WATKINS      )
LAUGHLIN,      )
     )
               Respondent.      )

## ORIGINAL PROCEEDING IN PROHIBITION

LG Chem, Ltd., seeks a writ of prohibition to prohibit the circuit court of St. Louis County from enforcing its order overruling LG Chem's motion to dismiss for lack of personal jurisdiction. Because LG Chem lacks sufficient minimum contacts with the state of Missouri, due process prohibits Missouri courts from asserting personal jurisdiction over LG Chem in this matter. The preliminary writ is made permanent.

## Background

LG Chem is a Korean company with its headquarters in Seoul, South Korea. LG Chem manufactures electronic equipment, including model 18650 lithium-ion batteries. One of LG Chem's model 18650 batteries is the subject of the action underlying this writ proceeding.

In the underlying action, Peter Bishop sued LG Chem in the St. Louis County circuit court under a products liability theory, asserting counts in negligence and strict tort liability. Bishop alleged he purchased one of LG Chem's model 18650 batteries from Smoke Smart, LLC, a retailer of electronic cigarettes and accessories located in St. Peters, Missouri, for use in his e-cigarette. Bishop alleged the battery spontaneously exploded in his pocket one day, and, as a result, he suffered burn injuries.

To establish personal jurisdiction over LG Chem, Bishop alleged LG Chem designed, manufactured, sold, and distributed the subject battery. Bishop did not allege LG Chem sold the battery directly to Smoke Smart. Instead, he alleged LG Chem sold the subject battery to an intermediate distributor, which in turn independently sold and shipped the subject battery to Smoke Smart in Missouri. Bishop also alleged LG Chem manufactured a very large number of model 18650 batteries that were sold and distributed into the United States through a third-party distributor. Because of the large number of model 18650 batteries that LG Chem manufactured and sold to a third-party distributor, Bishop alleged LG Chem knew or should have known third parties were distributing its model 18650 batteries to consumers throughout the United States, including consumers in Missouri.

LG Chem filed a motion to dismiss for lack of personal jurisdiction, arguing due process does not permit Missouri courts to exercise personal jurisdiction over LG Chem in this matter. In addition to opposing LG Chem's motion on the merits, Bishop alternatively requested the circuit court order additional jurisdictional discovery if the court determined LG Chem's known contacts with Missouri were insufficient to establish personal

2

jurisdiction. The circuit court overruled LG Chem's motion on the merits without addressing Bishop's alternative request for relief. LG Chem sought a writ of prohibition from the court of appeals, which denied relief. LG Chem then sought a writ of prohibition from this Court. This Court issued a preliminary writ of prohibition, directing the circuit court to show cause why a permanent writ should not issue to prohibit the court from doing anything other than vacating its order overruling LG Chem's motion to dismiss. This Court now makes its preliminary writ permanent and directs the circuit court to vacate its order overruling LG Chem's motion to dismiss.

## Standard of Review

Article V, section 4 of the Missouri Constitution "vests this Court with the authority to issue and determine original remedial writs." *State ex rel. PPG Indus., Inc. v. McShane*, 560 S.W.3d 888, 890 (Mo. banc 2018). Prohibition is a discretionary writ that should issue only "to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power." *State ex rel. Marianist Province of U.S. v. Ross*, 258 S.W.3d 809, 810 (Mo. banc 2008). "Prohibition is the proper remedy to prevent further action of the trial court where personal jurisdiction of the defendant is lacking." *PPG*, 560 S.W.3d at 890 (quoting *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 45 (Mo. banc 2017)). However, prohibition is proper only "when usurpation of jurisdiction . . . is clearly evident." *Norfolk S. Ry. Co.*, 512 S.W.3d at 45 (alteration in original) (quoting *State ex rel. Tarrasch v. Crow*, 622 S.W.2d 928, 937 (Mo. banc 1981)). Whether the plaintiff made "a prima facie showing that the trial court may exercise personal

3

jurisdiction is a question of law," which "this Court reviews *de novo*." *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010).

**Analysis**

LG Chem seeks a writ of prohibition to bar the circuit court from enforcing its order overruling LG Chem's motion to dismiss for lack of personal jurisdiction. Because LG Chem has no contacts with the state of Missouri other than its product arriving into Missouri through the unilateral action of a third party, LG Chem lacks sufficient minimum contacts with Missouri to satisfy due process. Accordingly, the circuit court lacks personal jurisdiction over LG Chem in this matter.

"Personal jurisdiction is a court's power over the parties in a given case." *State ex rel. Key Ins. Co. v. Roldan*, 587 S.W.3d 638, 641 (Mo. banc 2019). Personal jurisdiction limitations arise from the defendant's right to due process of law. *State ex rel. Bayer Corp. v. Moriarty*, 536 S.W.3d 227, 231 (Mo. banc 2017). Limitations on courts' personal jurisdiction are enforced "principally [to] protect the liberty of the nonresident defendant." *PPG*, 560 S.W.3d at 891. For this reason, "the convenience of plaintiffs or third parties" does not factor into the analysis. *Id*. (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

Personal jurisdiction comes in two forms: general and specific. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1779-80 (2018). "A court with general jurisdiction may hear *any* claim against [the] defendant, even if all the incidents underlying the claim occurred in a different [s]tate." *Id*. at 1780. Courts typically exercise general personal jurisdiction over defendants who are residents of the state. *See id*.; *see also PPG*, 560 S.W.3d at 891 n.3. By contrast, to assert jurisdiction over an out-of-state

4

defendant without violating due process, a court typically must possess specific personal jurisdiction over the defendant. *See Bristol-Myers*, 137 S. Ct. at 1780. For a state court to exercise specific personal jurisdiction over an out-of-state defendant consistent with due process, "'the suit' must 'arise out of or relate to the defendant's contacts with the forum.'" *Id*. (internal alteration omitted) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). A state court may violate due process by exercising personal jurisdiction over a defendant who has no connection or relation to the forum state. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("[Defendants] who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter.").

The parties agree Missouri courts lack general personal jurisdiction over LG Chem because LG Chem is a South Korean company with its principal place of business in South Korea. LG Chem, however, argues the circuit court also lacks specific personal jurisdiction in this matter. When the defendant challenges a court's jurisdiction, the plaintiff bears the burden of establishing the defendant's contacts with the forum state are sufficient to establish personal jurisdiction. *PPG*, 560 S.W.3d at 891. "A reviewing court evaluates personal jurisdiction by considering the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute[1] and support a finding of minimum contacts with Missouri sufficient to satisfy due

---

[1] Missouri's long-arm statute is codified as section 506.500, RSMo 2016.

process."[2]  *Bryant*, 310 S.W.3d at 231.  A state court's assertion of specific personal jurisdiction over an out-of-state defendant is consistent with due process if the defendant "has at least one contact with this state and the cause of action being pursued arises out of that contact."  *State ex rel. Cedar Crest Apartments, LLC v. Grate*, 577 S.W.3d 490, 494 (Mo. banc 2019) (emphasis omitted); *see also Daimler*, 571 U.S. at 127.

Bishop argues sufficient minimum contacts exist between Missouri and LG Chem to justify the circuit court's assertion of specific personal jurisdiction over LG Chem in this matter because there is an affiliation between Missouri and the underlying controversy. Bishop asserts it is sufficient that a product manufactured by LG Chem made its way to Missouri through the actions of a third-party distributor and caused injury in Missouri. Bishop is correct that, based on the United States Supreme Court's most recent decision in *Bristol-Myers*, there must be an affiliation between the forum state and the underlying controversy in cases involving out-of-state defendants.  But Bishop's application of this standard is overbroad.

In *Bristol-Myers*, the Supreme Court explained, for a state court to exercise specific personal jurisdiction over an out-of-state defendant, there must be "an affiliation between the forum and the underlying controversy, principally . . . an occurrence that takes place in the forum State."  137 S. Ct. at 1781.  Bishop contends Missouri courts exercising specific personal jurisdiction over LG Chem in this matter would not violate due process because

---

[2]  Failure to make either showing is grounds to dismiss for lack of personal jurisdiction. Because this Court finds due process does not permit the assertion of specific personal jurisdiction over LG Chem in this matter, the Court does not address whether LG Chem's conduct falls within the long-arm statute.

6

the sale of the subject battery into Missouri is an "occurrence" out of which his lawsuit directly arose. But Bishop overlooks that the battery's sale was made by an independent third party, not by LG Chem.

It is well-established a plaintiff may not use the actions of a third party to satisfy the due process requirement of the specific personal jurisdiction analysis. *PPG*, 560 S.W.3d at 893 n.5; *see also Bristol-Myers*, 137 S. Ct. at 1781 ("[A] defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." (second alteration in original)). Bishop alleged only that LG Chem's model 18650 batteries made their way into Missouri by way of an independent, third-party distributor that sold the batteries into Missouri. While Bishop alleged LG Chem designed, manufactured, and sold the subject battery, Bishop did not allege LG Chem sold its batteries directly into Missouri. Instead, Bishop alleged LG Chem knew or should have known third-party distributors were selling its batteries to consumers across the United States, including in Missouri. In other words, Bishop seeks to create the inference that LG Chem must have known its batteries were being sold into Missouri based on the sheer number of model 18650 batteries produced and sold by LG Chem to a third party then shipped into the United States by that third party. Bishop, therefore, argues it was foreseeable that LG Chem batteries would make their way to Missouri and cause injury in this state. But "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). Rather, "it is the defendant's actions, not [its] expectations, that empower a [s]tate's courts to subject [it] to judgment." *Nicastro*, 564 U.S. at 883.

In *Nicastro*, the United States Supreme Court held New Jersey courts could not assert specific personal jurisdiction over a British machinery manufacturer solely because a third-party distributor sold the manufacturer's machinery in the United States and at least one of the manufacturer's products made its way to New Jersey and caused injury in that state. *Id*. at 887. A majority of the court agreed the manufacturer's contacts with New Jersey were too tenuous for New Jersey courts to assert specific personal jurisdiction over the manufacturer consistent with due process. *See id*. at 888 (Breyer & Alito, JJ., concurring). Indeed, the Supreme Court expressly rejected the Supreme Court of New Jersey's holding that New Jersey courts have specific personal jurisdiction over a foreign corporation so long as the corporation "knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states." *Id*. at 877 (quoting *Nicastro v. McIntyre Mach. Am., Ltd.*, 987 A.2d 575, 591-92 (N.J. 2010)). The Supreme Court found it dispositive that the manufacturer had "at no time . . . advertised in, sent goods to, or in any relevant sense targeted [New Jersey]." *Id*.

Similarly, Bishop did not allege LG Chem "in any relevant sense" targeted Missouri. Bishop did not allege LG Chem directed the intermediate distributors to sell its batteries into Missouri. Nor did Bishop allege LG Chem has any influence over the third party's distribution of the batteries that LG Chem took any action seeking to serve Missouri's market for model 18650 batteries in any way.

Because the sale of LG Chem's batteries into Missouri by an independent third party is the only contact between LG Chem and Missouri that Bishop alleges, Bishop has failed

8

to establish LG Chem has sufficient minimum contacts with Missouri to allow Missouri courts to assert specific personal jurisdiction over LG Chem consistent with due process. Bishop, accordingly, has not carried his burden to demonstrate LG Chem's contacts with Missouri are sufficient to establish personal jurisdiction in this matter.

**Conclusion**

Based on the allegations Bishop made in his petition, the assertion of personal jurisdiction over LG Chem in this matter would violate due process. The preliminary writ is made permanent with directions to the circuit court to vacate its order overruling LG Chem's motion to dismiss for lack of personal jurisdiction.[3]

 

 

_____
W. Brent Powell, Judge

All concur.

---

[3] In reaching this conclusion, this Court does not address Bishop's request for jurisdictional discovery. Although Bishop reiterated his request for jurisdictional discovery in his brief before this Court, this request was not the subject of LG Chem's writ petition and, therefore, is not properly before this Court. LG Chem's writ petition, rather, sought relief only with respect to the circuit court's order overruling its motion to dismiss. This Court's preliminary writ, likewise, directed the circuit court only to show cause why a permanent writ should not issue directing it to vacate that order. *See Bayer*, 536 S.W.3d at 229 ("This Court's preliminary writ extended solely to the circuit court's overruling of Bayer's motion to dismiss."). "While a respondent is entitled to advance any argument in support of the decision being reviewed," *Cass Cty. v. Dir. of Revenue*, 550 S.W.3d 70, 74 (Mo. banc 2018), a respondent in an original writ proceeding "cannot request [his] own unrelated relief in a writ proceeding on an issue not before the Court." *PPG*, 560 S.W.3d at 893 n.7. Because this Court's writ "extended solely to the circuit court's overruling of [LG Chem]'s motion to dismiss," however, Bishop can still make his request for jurisdictional discovery to the circuit court, which did not previously address that request when it overruled LG Chem's motion to dismiss on the merits. *Bayer*, 536 S.W.3d at 229. Consistent with this Court's holding in *Bayer*, the circuit may consider Bishop's alternative request after it vacates its order overruling LG Chem's motion to dismiss. *Cf id*. ("It is for the circuit court in the first instance . . . to evaluate whether the requested discovery is necessary.").